[S. F. No. 10246. In Bank.—June 5, 1922.]

CONSTANCIA O'BRIEN, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] INHERITANCE TAX—RECEIPT—CONSTRUCTION OF ACT.—Section 10 of the inheritance tax law of 1921 (Stats. 1921, p. 1510), forbidding the distribution of any property of an estate unless a receipt for the inheritance tax due thereon, signed by the state controller, shall first be filed in court, applies only to cases where the report of the inheritance tax appraiser shows taxes due upon the property of the estate or some part thereof, or where, after that report is made, other property has been discovered upon which no report has been made. It has no application to cases where the record in the estate itself shows that no tax is due.

APPLICATION for a Writ of Mandate to the Superior Court in and for the City and County of San Francisco to require the signing of a decree of distribution. Dismissed.

The facts are stated in the opinion of the court.

J. F. Bluxome for Petitioner.

THE COURT.—In this case the superior court refused to sign and file a decree of distribution after the same had been prepared, basing its refusal on the ground that section 10 of the inheritance tax law of 1921 (Stats. 1921, p. 1510) forbids the distribution of any property of an estate, unless a receipt for the inheritance tax due thereon, signed by the state controller, shall first be filed in said court. In this case it appears that after the proceeding in administration was begun, the inheritance tax appraiser, regularly appointed to that office, reported to the court an appraisement of the estate in question, showing that the shares of the several parties interested therein were all exempt from inheritance tax and that no inheritance tax was leviable upon any part of the estate. Thereafter this report was submitted to the court and the court made an order approving the same and declaring that no tax was due upon the property of said estate. All this was done in pursuance of the provi-

sions of section 16 of said act. These two sections are to be considered together and in such a manner as to be harmonious. There is no difficulty in doing this. [1] Section 10 applies only to cases where the report of the inheritance tax appraiser shows taxes due upon the property of the estate or some part thereof, or where, after that report is made, other property has been discovered upon which no report has been made. It has no application to cases where the record in the estate itself shows that no tax is due. Therefore the court should have signed the decree of distribution.

An alternative writ of mandate was issued herein in accordance with the petition, to compel the court to sign said decree. Upon the service of that writ the court complied with it and makes return accordingly. This makes it unnecessary to proceed further in the case, and the proceeding is dismissed.

Shaw, C. J., Lennon, J., Shurtleff, J., Waste, J., Wilbur, J., Lawlor, J., and Sloane, J., concurred.