[S. F. No. 14717. In Bank.—July 14, 1933.]

In the Matter of the Estate of MARY JOHNSON, Deceased. ANNA L. PETERSON et al., Respondents, v. JOHN I. PETERSON, Administrator, etc., Appellant.

Daniel A. Ryan, Thomas C. Ryan and George F. Snyder for Appellant.

Marion Vecki for Respondents.

PRESTON, J.—Appeal by administrator with the will annexed from decree of partial distribution.

Mary Johnson died testate March 12, 1922. Probate proceedings were held in abeyance for some ten years awaiting the termination of litigation growing out of the probate of the estate of her deceased husband. The last will and testament of said Mary Johnson bequeathed to petitioners and respondents here, in respective proportions, the sum of $6,000. On December 12, 1931, an inventory and appraisement was made showing that the entire property of the estate consisted of $1319.23 in money, household furniture valued at $500 and 80 shares of capital stock of Oulton

Land Company, valued at $150 per share ($12,000)—a total of $13,819.23. Said stock was not listed on any exchange and could not readily be sold. In February, 1931, respondent cash legatees and appellant administrator had executed a written agreement whereby, in consideration of said administrator waiving his right to appeal from the decree of distribution entered in the matter of the above-mentioned estate of the deceased husband of this decedent Mary Johnson, said respondent cash legatees agreed to accept in compromise and in lieu of their said $6,000 cash legacies, 36 shares of said stock to be divided among them in respective proportions. Pursuant to this agreement, respondents, on December 29, 1931, duly filed their petition for such partial distribution, alleging that the estate was but little indebted and that the 36 respective shares of stock might be allowed to them without loss to the creditors or injury to the estate or to any person interested therein.

When the matter was called for hearing, respondents introduced in evidence all the papers, pleadings and files in the matter of said estate, including the above-mentioned inventory and appraisement and also an order for allowance to one Daniel A. Ryan of the sum of $2,500 on account of extraordinary services rendered by him to the administrator, plus $375.60 for expenses incurred. Counsel for appellant administrator opposed the granting of the petition for partial distribution, stating that the estate was indebted to the extent of $2,600 for fees and expenses of administration and $1500 for other debts. Counsel for respondents, in opposition to this statement, introduced the register of actions in said matter, containing all the papers and documents filed therein, and informed the court that there were no claims on file against the estate other than the said claim for extraordinary counsel fees.

The transcript before us then shows that appellant administrator offered no evidence whatsoever. In other words, he utterly failed to offer any proof to substantiate his statements with respect to the indebtedness of the estate. The court thereupon, and on February 3, 1932, made and entered its decree of partial distribution as prayed, ordering the aforesaid respective distribution of 36 shares of said stock to respondents.

504

In prosecuting this appeal from said order of partial distribution, appellant administrator asserts: First, that the court erred in not requiring evidence upon the matters alleged in the petition for distribution and in not requiring a bond from the distributees and, lastly that the record fails to show that a report of the inheritance tax appraiser was on file and there was no evidence that no inheritance tax was due or payable.

■ The petition is verified. The records and files of the estate were introduced and included the inventory and appraisement. In the absence of a contest, this furnishes support for the allegations of the petition. In fact, the terms of the written agreement for the division and distribution of the estate furnish additional proof. ■ The question of a bond on partial distribution, under the facts here, was one of discretion and we see no showing of an abuse thereof.
■ The existence of an inheritance tax against the legacies of the distributees is negatived by the finding that the distribution can be made without injury to anyone interested in the estate. Besides, the administrator could have asked for an order directing retention from the property to be distributed of enough thereof to meet this anticipated charge. (*Estate of Ross,* 187 Cal. 466 [202 Pac. 641]; *Estate of Hill,* 94 Cal. App. 114 [270 Pac. 708].) Furthermore, if the facts justify it, the administrator may now ask for a modification of the decree to care for this item, if it exists. The fact is that in his reply brief appellant abandons this claim and rests his objection upon the claim that the assets remaining are now insufficient to pay the debts and expenses of administration. But, as already pointed out, no proof to this effect was even attempted by him at the hearing.

The decree is affirmed.

Seawell, J., Shenk, J., Thompson, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.