[Civ. No. 9963. Second Appellate District, Division Two.—October 31, 1934.]

In the Matter of the Estate of J. T. NUTTLE, Deceased. LEOTA BABCOCK, Appellant, v. JUANA M. WOOD et al., Respondents.

Richard J. O. Culver for Appellant.

Joseph Scott, T. C. Heyl and C. J. Scott for Respondents.

ARCHBALD, J., *pro tem.*—Appeal by objector from an order of partial distribution distributing certain bonds enumerated therein to respondent Juana M. Wood.

Decedent left a will making the following specific bequest: "Second: I give, devise and bequeath to Juana M. Wood of Los Angeles, California, Fifty Thousand Dollars ($50,000.00) par value U. S. Government bonds now in my safety deposit box at Security-First National Bank of Los Angeles." Appellant was given a specific legacy and was also made residuary legatee and devisee. The inventory and appraisement filed shows the value of the estate to be $178,508.94, among which is a $500 share in one $1,000 United States Fourth Liberty Loan bond and $28,000 par value of United States treasury 4¼ notes. It seems to be an admitted fact that in decedent's safety deposit box were found Liberty Loan bonds of the par value of $30,000 and United States treasury notes of the par value of $38,000, and that of all the bonds and notes so found all but $28,500 were claimed by the J. T. Investment Company, a Kansas corporation, of

which 1,000 shares of the capital stock of such corporation, represented by certificates numbered 1, 2, 3, 5 and 8 for 5 shares each and certificate number 6 for 975 shares, are inventoried as the property of decedent. A verified petition was filed by respondent Juana M. Wood praying that said specific legacy of $50,000 United States government bonds (among other specific legacies), or such part as the court might designate, be distributed to her, and alleging that the estate was "but little indebted"; that "so far as your petitioner knows, the only debts of the estate, other than the expenses of administration, are a $25,000.00 note executed by the decedent herein", which is amply secured; that the executor after such partial distribution will have in his hands "ample funds to satisfy all such debts and charges" and that such distribution may be made "without loss to the creditors of said estate". Upon information and belief such respondent further alleged that the assets of said estate "include $60,000 worth of United States government bonds".

Such allegations were all denied in written objections filed in opposition to such distribution by the executor and respondent Leota Babcock. At the hearing of said petition and said objections so filed no other evidence was introduced, but said executor stated in open court through its attorney "that in its opinion probably no harm would be done by a distribution at this time of $20,000 par value of the bonds". At the same time counsel for appellant herein stated that "if the court should distribute to Miss Wood more than $28,-500.00 worth of bonds [the amount listed in the inventory of the estate] my client will object to distribution, as such action by the court would involve making distribution of property in which my client might have an interest and in which we contend Miss Wood does not have a right to distribution, as it is not property of the estate but assets of the J. T. Investment Company"; and that "if Miss Wood is held to be entitled only to $28,500 in bonds or less then I am sure my client will never raise any objection". Following such statement the court ordered distribution to said petitioner of "$20,000 par value of bonds". This was followed by a signed order which distributed to respondent Wood, among other specific bequests, all of said United States treasury notes (designating them by their numbers), with the exception of eight thereof of the par value of $1,000

each; such order further providing "that the position and contentions of said Juana M. Wood [evidently as to the ownership of certain government bonds of the estate] in her petition for partial distribution", and the "position and contentions of the executor herein and Leota Babcock and A. E. Nuttle in their objections to said petition be and the same are hereby reserved to these respective parties without prejudice". An appeal from the order so made is taken by said Leota Babcock alone.

The language of said reservation is only susceptible to the construction that the "position and contentions not decided by the order should be reserved, and not as appellant urges, that her contention that there should not be a partial distribution" is also reserved. The contention made as to the aggregate amount of bonds owned by the estate still remained to be decided.

The petition of respondent Wood, as well as the objections filed by the executor and appellant, designate the Liberty Loan bonds as well as the treasury notes found in the safety deposit box, whether inventoried as belonging to the estate or claimed by the J. T. Investment Company as "government bonds"—as did the attorneys in their statements to the court as hereinbefore shown. Webster's New International Dictionary, under the subhead "Specific: Finance", in defining "bond" says: "Such an instrument made by a government or corporation as an evidence of debt, usually for the purpose of borrowing money; hence, loosely, any interest bearing certificate issued by a government or corporation, esp. when a date is set for the payment of the principal." We therefore are of the opinion that both Liberty Loan bonds and treasury notes issued by the government are properly designated "government bonds", that there is no uncertainty in the bequest under the facts shown herein and that no error was committed by the court in so designating the treasury notes described in the order. The bequest was "50,000.00 par value", and we think it would be immaterial if a difference existed between the par and market value of the respective "bonds".

In our opinion the verified petition, verified objections, the inventory and appraisement and the admissions of interested parties made a sufficient showing to justify the order (*Estate of Johnson*, 218 Cal. 501 [23 Pac. (2d)

1012]), and the court did not abuse the discretion vested in it in so ruling.

Order affirmed.

Stephens, P. J., and Desmond, J., concurred.