[Civ. No. 2142. Fourth Appellate District.—December 22, 1937.]

In the Matter of the Estate of FRANK A. PARR, Deceased. MAME A. PARR, Appellant, v. BEN F. WHITE, as Administrator, etc., Respondent.

Best & Best for Appellant.

No appearance for Respondent.

Wallace P. Rouse, as *Amicus Curiae,* on Behalf of Respondent.

MARKS, J.—Frank A. Parr died intestate on July 1, 1936. Ben F. White was appointed administrator of his estate on November 2, 1936. He qualified and is now the duly qualified and acting administrator of the estate.

The inventory and appraisement of the estate was filed on November 28, 1936. It showed the following assets: Cash, $2,024.25; automobile, $150; personal property consisting of gold watch and clothing, $25, and some shares of stock and participating units, no value. The estate had a total appraised value of $2,199.25.

Mame A. Parr is the widow and sole surviving heir at law of deceased. On December 3, 1936, she filed two petitions in the probate proceedings, one to set aside to her the exempt personal property, and the other to set aside to her the entire estate as it had a value of less than $2,500. The couple had no children and Mrs. Parr had no property except her clothes and personal effects which were of little value. She was dependent upon charity for her support.

The two petitions were consolidated and heard together and were denied. The orders have come before us on a single record. We will consider first the order refusing to set aside the entire estate to the widow.

It appears that deceased during his lifetime was employed by the Southern Pacific Company which carried a blanket insurance policy on its employees. Premiums on the insur-

ance allotted to each employee were deducted monthly from wages earned and were paid by the company to the insurance carrier. At the time of the death of Mr. Parr the policy had a value of $2,420.98, as found by the court.

Some time before his death, deceased had changed the beneficiary in his policy from Mrs. Parr to Gertrude Jones. This was done without the consent of Mrs. Parr who was living apart from her husband though there had been no divorce.

A controversy arose between Gertrude Jones and Mrs. Parr over the one entitled to receive the amount due from the insurance carrier. This was settled by a contract dated October 20, 1936, executed by the two women, whereby the insurance carrier was directed to pay the funeral expenses of deceased and to pay the balance to the administrator. The funeral bill of $396.73 was paid and the balance, $2,024.25, was paid to the administrator.

The administrator appeared as a witness at the hearing and testified that the appraised value of the automobile was too low as he had ''a tentative offer on it of $200.00 at the present time''. He also testified ''that although the mining stock is appraised in the inventory as of no value, in my opinion, it is very possible that it may be worth something on account of the district in which it is situated''. It is clear that this last statement is pure speculation and no importance should be attached to it.

The trial judge was of the opinion that the total face value of the insurance policy should be charged as an asset of the estate which would fix its total value at more than $2,500. This, with the fact that bills for the last illness of the deceased and the expenses of administration had not been paid, furnished the chief grounds for the order refusing to set aside the whole estate to the widow.

In 14 California Jurisprudence, page 585 et seq., we find the following:

''The designation of a person as entitled to receive the proceeds of a life policy is conclusive, in the absence of any question as to the rights of creditors. A policy payable to the insured is in effect payable to the personal representative of his estate, who must collect and administer it. Where a policy is to be paid, subject to the will of the insured, and he bequeaths the fund subject to the payment of his debts, the executor is the proper person to recover the money, though

in the case of the death of a husband, the court may set insurance money aside for the use of his family, as property exempt from execution. If insurance money is payable to the personal representative of the insured for the benefit of his family, the representative receives the money as agent or trustee for the beneficiaries and is liable for conversion in his individual capacity if he applies the money to the debts of the estate. . . . A policy of insurance upon the life of a married person payable to a stranger is community property if the premiums are paid with community funds. Under this rule, if a policy upon the life of a husband is made payable to a third person without the consent of the wife, and the premiums are paid with community funds, the wife is entitled to one-half of the proceeds, for the reason that, by designating the beneficiary, the husband initiates a gift which is ineffectual as to the wife if she does not give her consent in the manner indicated in the statute.''

It would therefore appear from the very meager record before us that money payable on the insurance policy belonged, one-half to Mrs. Parr, and one-half to Gertrude Jones. Primarily, neither the administrator nor the estate had any interest in it. The only interest the estate acquired in this money was through a gift from Mrs. Parr and Gertrude Jones, which gift has been consummated by paying $2,024.25 to the administrator. As this was all the money he received he cannot be required to account for more.

The $396.73 paid by the insurance carrier to the undertaker was under order of Mrs. Parr and Gertrude Jones. It was their money with which they could do as they pleased. Neither the administrator nor the probate court is concerned with this payment and the administrator cannot be required to account for this money as he did not receive it nor had he any claim upon it.

We must next turn to the question of the expenses of administration and of the last illness of deceased which *amicus curiae* urges is sufficient ground upon which to support the challenged order. On December 1, 1936, Mrs. Parr in writing authorized and requested the administrator to pay these bills out of the estate funds in his possession. It is clear that Mrs. Parr had no funds out of which she could have paid these bills.

The question here presented is quite analogous to that involved in the cases of *Estate of Mahoney,* 133 Cal. 180 [65

Pac. 389, 85 Am. St. Rep. 155], *Estate of Ross,* 187 Cal. 454 [202 Pac. 641], *Estate of Johnson,* 218 Cal. 501 [23 Pac. (2d) 1012], *Estate of Hill,* 94 Cal. App. 113 [270 Pac. 708], and *Estate of Cohn,* 20 Cal. App. (2d) 550 [67 Pac. (2d) 362].

Section 1024 of the Probate Code provides that before any decree of distribution be made, all inheritance taxes due from a distributee must be paid. Our courts have affirmed decrees of distribution where inheritance taxes had not yet been paid, when it appeared that there were funds in the estate available for that purpose, and the decree directed the administrator to pay the inheritance taxes prior to the delivery of the property to the distributee. We think a similar rule should be applied here. There were funds in the estate to pay these bills. The widow had no funds with which to pay them. An order setting aside the estate to the widow could direct the payment of such of these bills as are legal obligations of the estate and are specified in the written order of the widow. The balance of the estate could then be given to the widow. This would furnish protection to the preferred creditors and permit the widow to receive her mite.

Gertrude Jones objects to this procedure on the ground that it would defeat her claim for $995 which has been presented, allowed, approved and filed. If, as she claims, this bill is for the expenses of the last illness of deceased, she will not be prejudiced because Mrs. Parr has requested the administrator to pay expenses of the last illness. This question can be settled at another hearing as the record before us is not sufficient for its determination at this time.

If, as suggested by the administrator, any assets of the estate possess value greater than now appears, that fact may be developed at the next hearing of the petitions. The actual value of the estate should be fairly determined.

As the order refusing to set aside the assets of the estate to the widow must be reversed, little further need be said concerning the order refusing to set aside exempt personal property to the widow. It should be sufficient to say that some of the items described in the petition to set aside exempt personal property are of such value and character that the widow should be entitled to them. A full hearing should be had on this petition.

The orders appealed from are reversed.

Barnard, P. J., and Jennings, J., concurred.