[Civ. No. 35555. Second Dist., Div. Three. May 28, 1970.]

Estate of PHILLIP YUSH, Deceased.
BALDO M. KRISTOVICH, as Public Administrator, etc.,
Petitioner and Respondent, v.
HOUSTON I. FLOURNOY, as State Controller, Objector and Appellant.

252

## COUNSEL

Myron Siedorf, Walter H. Miller and Mary L. Harris for Objector and Appellant.

John D. Maharg, County Counsel, and Henry W. Gardett, Deputy County Counsel, for Petitioner and Respondent.

## OPINION

**ALLPORT, J.**—Phillip Yush died intestate on August 15, 1962, a resident of Los Angeles County. He was survived by a brother (Irwin Yush), two nephews, and a niece. Thereafter the Public Administrator came into possession of certain United States Series E bonds having a death date value of $45,200. These bonds were payable on the death of the owner Phillip Yush to the beneficiary and co-owner Irwin Yush. The bonds were delivered by the Public Administrator to the beneficiary prior to the former's appointment as adminstrator of the estate on October 17, 1962. On September 12, 1967, the administrator filed an inheritance tax affidavit (form 22) listing these bonds. On October 11, 1967, an inheritance tax report was filed determining the fair market value of the estate to be $2,412.19 and listing the bonds as joint tenancy property, the survivor being Irwin Yush. Pursuant to this report an order was made fixing the total inheritance tax due in the sum of $3,474.60 and charging the full amount to Irwin Yush. No tax was due upon the interests of the nephews and the niece, their exemptions exceeding the value of their distributive shares. Thereafter the administrator filed a "First and Final Account and Report" and an amendment thereto, alleging that "[a]ll taxes chargeable to the estate so far as known to petitioner, including federal and state income, inheritance and personal property taxes, have been paid as shown on Schedule B . . ." and that inheritance taxes in the sum of $3,474.60 plus penalties and interest were owed by Irwin Yush for transfers outside of probate. The account requested that Irwin's distributive share of the estate be applied in toto to this unpaid tax liability and paid directly to the Controller of the State of California. The Controller filed objections to the account upon the ground that the inheritance tax due under the order fixing same had not been paid and sought disapproval of the account and denial of final distribution of the assets. On hearing the trial court found that no inheritance tax had been paid and that there was no receipt for such in the estate file. The court held that under Revenue and Taxation Code section 14101 the administrator was liable for the inheritance tax fixed in the probate proceeding, which tax in this case was zero, and that the transferee Irwin Yush was liable for the $3,474.60 tax on the transfer of the bonds outside of probate. It was also found that the provision of the Revenue and Taxation Code (§ 14143) requiring a receipt from the Controller showing payment of taxes prior to distribution of the estate was inapplicable since the estate owed no taxes. The objections of the Controller were overruled and the account settled and distribution ordered as prayed. The Controller has appealed from this order.

## Discussion

It is contended on appeal that the order for distribution was improper under Probate Code section 1024[1] and Revenue and Taxation Code section 14143[2] in that all inheritance taxes due have not been paid and that no receipt for payment of such taxes has been filed by the Controller. No contention is made that the order fixing the inheritance taxes due as a result of the death of Phillip Yush is erroneous or that the trial court's findings of fact and conclusions of law with respect thereto are incorrect. Accordingly, we are confronted with a situation in which the only inheritance tax owed is that on a transfer out of probate (of the Series E bonds), for the payment of which tax one of the heirs (Irwin Yush) is liable. No such taxes are owed by any of the other heirs or by the estate itself.

The Controller urges that we adopt a literal interpretation of Revenue and Taxation Code section 14143 which would preclude distribution of an estate if a receipt showing payment of all taxes imposed by part 8 of that code has not been filed. Similarly, he urges that we construe Probate Code section 1024 so as to forbid distribution if any inheritance taxes remain unpaid. We do not agree.  ■■  We hold, rather, that the terms "the tax" and "any tax imposed by this part" used in Revenue and Taxation Code section 14143 and the term "all inheritance taxes" used in Probate Code section 1024 refer only to taxes owed upon or payable out of property in the estate and not to those owed by reason of transfers of property not properly within the jurisdiction of the probate proceeding. The authority of the Controller under these sections to forestall distribution of an estate for nonpayment of inheritance taxes thus is limited to cases in which taxes within the above-described category are due.

The interpretation suggested by the Controller is, we believe, contrary to the spirit of the law and the intent of the Legislature and finds no support either in the cases or in logic and reason.  ■  The provision of the codes with which we are concerned cannot be read literally, in isolation from one another, but rather must be construed functionally, as a harmonious whole, in terms of the overall legislative scheme. (See *O'Brien* v. *Superior Court,* 189 Cal. 78, 79 [207 P. 549].) Thus, the courts have, on occasion, refused

---

[1]Probate Code, section 1024 reads: "Before any decree of distribution is made, all inheritance taxes and all personal property taxes due and payable by the estate must be paid."

[2]Revenue and Taxation Code, section 14143 reads: "No executor, administrator, or trustee liable for the payment of any tax imposed by this part is entitled to credits in his accounts or to a discharge from liability for payment, nor shall the estate of the person who made the transfer on which the tax is imposed be distributed, unless a receipt countersigned and sealed by the Controller pursuant to this article, or a copy of such a receipt certified by the Controller, is filed with the superior court having jurisdiction."

to adopt a literal construction of the sections in question and companion provisions of the codes and have instead interpreted them in a common-sense fashion with a view to their apparent purpose and function. (See, e.g., *O'Brien* v. *Superior Court, supra,* 189 Cal. 78, 79; *Estate of Ross,* 187 Cal. 454, 466-467 [202 P. 641]; *Estate of Fletcher,* 36 Cal.App.2d 567, 574 [97 P.2d 1039]; *Estate of Parr,* 24 Cal.App.2d 171, 174-175 [74 P.2d 792].) ■ The evident purpose of the sections under consideration is to facilitate and safeguard the process of collecting taxes on transfers of property resulting from the transferor's death by ensuring that such taxes are paid before the property is released to the transferees. To this end, the executor or administrator of an estate is made liable for the applicable taxes and is required to deduct or collect them before distributing the property to the beneficiaries. (See, e.g., Rev. & Tax. Code, §§ 14101, 14121, 14122.) When such taxes are owed on the transfer of property within the probate jurisdiction and are therefore payable by the executor or administrator of the estate (Rev. & Tax. Code, § 14101), then the overall legislative purpose is served by preventing final distribution of the estate until the taxes are paid; in this context the provisions of Revenue and Taxation Code section 14143 and Probate Code section 1024 harmonize with, and may be regarded as mere aspects of, the general collection policy. Under the construction urged by the Controller, however, distribution would be delayed and possibly foreclosed even in a context such as the present case, where none of the taxes are owed with respect to nor payable from the property to be distributed and thus where prevention of distribution could not assist in the collection of taxes nor, in fact, serve any other reasonably conceivable purpose. The effect would be to penalize individuals who are in no way liable for the taxes by withholding their shares, with no compensatory advantage to the state in its tax collection process. ■ We are not at liberty to adopt an interpretation of the statutes which would ascribe to the Legislature an intent to act capriciously and, very likely, unconstitutionally, when their language admits of an alternative interpretation which would serve the statutory policy and render application of the law reasonable and just. (See *Erlich* v. *Municipal Court,* 55 Cal.2d 553, 558 [11 Cal. Rptr. 758, 360 P.2d 334]; *Estate of Jacobs,* 100 Cal.App.2d 452, 458-459 [223 P.2d 898]; *Riley* v. *Gordon,* 137 Cal.App. 311, 318 [30 P.2d 617].)

■ ■ No valid objection to the interpretation which we adopt arises from the fact that the one who owes the tax because of the transfer out of probate is also an heir. The executor or administrator of the estate may, as in the instant case, charge that heir's distributive share with payment of the tax and order that payment of the appropriate amount be made to the Controller. (See Rev. & Tax. Code, § 14301.) Nothing further could be gained by the Controller's thwarting distribution in the case at bar since the entire distributive share of Irwin was ordered to be delivered to the

Controller in partial satisfaction of Irwin's personal tax liability. There is nothing in *Estate of Lander,* 6 Cal.App. 744 [93 P. 202], *Becker* v. *Nye,* 8 Cal.App. 129 [96 P. 333], nor the other sections of the Revenue and Taxation Code cited by the Controller which requires or permits a contrary holding. In *Lander* and *Becker* the tax was payable from the property in the estate and not from some other source. The cited code sections are not in point.

In affirming the order of the trial court in this case we do not hold that an estate may be distributed without payment of all inheritance taxes *due and payable by the estate* as required by Probate Code section 1024 nor without filing of the receipt for payment thereof by the Controller in the probate proceeding as required by Revenue and Taxation Code section 14143. Neither do we express an opinion as to the liability, if any, on the part of the Public Administrator to the Controller for payment of the balance of the inheritance tax due from Irwin Yush on the transfer of the Series E bonds out of probate. That is a matter reserved for civil litigation. (Rev. & Tax. Code, § 14347.[3])

The order appealed from is affirmed.

Ford, P. J., and Schweitzer, J., concurred.

---

[3]Revenue and Taxation Code, section 14347 reads: "Any safe deposit company, trust company, corporation, bank, other institution, or person required to comply with the provisions of this article but failing to do so is liable to the State for the amount of any tax, interest or penalty due and payable under this part on the transfer of the property involved, if solely by reason of such transfer or payment the State is unable to recover the same.

"The liabilities imposed by this section may be enforced by the Controller in an action brought in any court of competent jurisdiction."