[Civ. No. 2502. Fourth Appellate District.—January 23, 1940.]

In the Matter of the Estate of CHARLES COHN, Deceased. IRVING COHN, as Surviving Executor, etc., Appellant, v. BERTHA COHN et al., Respondents.

Borton, Petrini & Conron for Appellant.

Farnsworth, Burke & Maddox, James K. Abercrombie, Joseph A. Brown, M. L. Choynski, Norman A. Eisner, Joseph T. O'Connor, W. E. James for Respondents.

MARKS, J.—This case comes before us on our order to show cause. It is an appeal from two orders an l a decree of partial distribution of the Superior Court of Kern County,

made on July 6, 1936, which were identified in the notice of appeal as follows:

"1. That certain order and decree of partial distribution made in the above-entitled matter on the 6th day of July, 1936, and recorded in Book 73 of Judgments at page 429 in the records of the Clerk of the Superior Court of the State of California, in and for the County of Kern.

"2. That certain order identifying properties to be retained in the estate, made on the 6th day of July, 1936, and recorded in Book 73 of Judgments at page 428 of the records of the Clerk of the Superior Court of the State of California, in and for the County of Kern.

"3. That certain order instructing Executor to pay balance of inheritance taxes due the State of California, made on the 6th day of July, 1936, and recorded in Book 73 of Judgments at page 431 of the records of the Clerk of the Superior Court of the State of California, in and for the County of Kern."

The orders and decree under attack here grew out of a decree of partial distribution, and to hold certain real property until the inheritance tax was paid, dated December 13, 1935, which was reversed by this court. (*Estate of Cohn,* 20 Cal. App. (2d) 550 [67 Pac. (2d) 362].)

The first order before us here identified and described the real property to be withheld from partial distribution until the inheritance tax was paid in accordance with the decree of December 13, 1935.

The decree of partial distribution now before us ordered distribution of the property described in the former decree of December 13, 1935, after eliminating therefrom the real property to be withheld until the inheritance tax was paid as that property was described in the last above-mentioned order.

The second order before us for review directed the sale of certain of the estate properties and the payment of the inheritance tax. The appeal is only from that portion of the order directing payment of the tax.

On April 30, 1937, counsel for all parties filed a stipulation to the effect that the judgment on this appeal might be identical with the judgment on the appeal from the decree of partial distribution of December 13, 1935, which was reversed in *Estate of Cohn, supra.* This stipulation requires

the reversal of the order to withhold real property and also the decree of partial distribution both of which were made on July 6, 1936.

 It is probable that the stipulation constitutes an abandonment of the appeal from that portion of the order directing that the inheritance tax be paid. Further, it is now made to appear that the inheritance tax has been paid in full which makes the questions presented on this appeal from that portion of the order moot.

It is ordered:

That the order dated July 6, 1936, setting apart real property to be held until the inheritance tax is paid, be and the same is hereby reversed.

That the decree of partial distribution dated July 6, 1936, be and the same is hereby reversed.

That the appeal from the portion of the order instructing the executor to pay the inheritance tax be and the same is hereby dismissed. The order to show cause is discharged.

Neither party will recover costs on appeal.

Barnard, P. J., and Griffin, J., concurred.