[No. 24. First Appellate District.—May 25, 1905.]

In the Matter of the Estate of LISETTE CHESNEY, Deceased. MRS. S. DALLMANN, Respondent, v. J. J. FRANK et al., Appellants.

ESTATES OF DECEASED PERSONS—DISTRIBUTION OF LEGACY—COLLATERAL INHERITANCE TAX.—Upon petition by a legatee for distribution of the amount of the legacy, in determining the amount of money in the hands of the executors, the court was only required to deduct the collateral inheritance tax upon the legacy, and was not re-

quired to take into consideration the whole amount of the collateral inheritance tax upon the several bequests. Such tax is not a unit; but is imposed upon the several amounts of the decedent's estate to which the successors thereto are respectively entitled; and it is to be assumed that other beneficiaries before receiving their shares had paid or deducted the amount of the tax upon their respective gifts.

Id.—Propriety of Order—Dispensing with Bond.—Where it appeared at the hearing that all allowèd debts had been paid and all other legacies had been paid, and that the executors had in their hands a sum much in excess of the petitioner's legacy, and that an action was pending upon a rejected claim for a comparatively small sum, the court did not err in directing the payment of the legacy and dispensing with a bond.

Id.—Questions of Fact—Extent of Indebtedness.—The questions whether the estate is but little indebted, or the payment can be made without loss to the creditors, are questions of fact to be determined by the court upon a comparison of the value of the estate with the amount of the debts.

Id.—Action upon Rejected Claim of Petitioner.—The fact that a claim presented by the petitioner against the estate had been rejected, and that a suit thereon was pending, did not preclude the court from making the order for payment of her legacy any more than would a suit upon a rejected claim of any other person; and where it appears that the executors still have in their hands property belonging to the estate many times in value of the amount of the rejected claim, if adjudged valid, it cannot be said that the court decided erroneously.

Id.—Amount Required to Erect Tombstones.—The court was not required to take into consideration the amount required for erecting tombstones authorized by the will where it appears that if the money on hand is insufficient, after other payments are made, resort may be had to sufficient real estate. The petitioner was not required to await such expenditure before being entitled to receive her legacy.

APPEAL from an order of the Superior Court of the City and County of San Francisco distributing the amount of a legacy. F. H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Lucius L. Solomons, for Appellants.

E. A. Bridgford, and Hudson Grant, for Respondent.

HARRISON, P. J.—By the last will and testament of the above-named decedents she bequeathed to the respondent the

sum of five hundred dollars. After the expiration of more than one year from the issuance of letters testamentary the respondent presented to the superior court her petition for a distribution to her of the said legacy. In her petition she alleged that the court had made a decree establishing due notice to the creditors of said estate, and that the time for the presentation of claims had expired, and that all claims that had been presented to and allowed by the executors had been fully paid; that a claim against the said estate for $915 had been presented by her and rejected by the executors, and that an action thereon was still pending and undetermined; that the estate was indebted to no one but herself, and to her only upon her said claim. She also alleged that it appeared from the inventory of the estate filed by the executors that its value exceeded fifteen thousand dollars, and that they had filed an account showing that after reserving a sum sufficient to pay her said claim, in case she should recover thereon, there would remain in their hands a balance of upwards of three thousand dollars for distribution to the persons entitled thereto, and that the legacy to her could be paid without any loss to the creditors of the estate. The executors filed an answer to her petition; and upon the hearing thereon the court found that all of its allegations were true, and entered an order directing the executors to make the payment asked for by the respondent, and dispensed with the execution of any bond on her behalf. From this order the executors have appealed; and in support of their appeal contend that it sufficiently appeared at the hearing that they did not have in their hands sufficient money with which to pay to the respondent the amount of her legacy; and that the court erred in not requiring her to execute the bond named in section 1663 of the Code of Civil Procedure.

In their answer to the respondent's petition the executors set forth as a defense thereto that the decedent had made other bequests of equal rank with that of the respondent, which, with the interest thereon, amounted to about two thousand dollars; that the estate in their hands was subject to a collateral inheritance tax upon the several bequests, amounting to $729.38; and that the testatrix had directed them to erect suitable tombstones over the graves of herself and her deceased husband, which they estimated would cost

two hundred dollars. At the hearing it was shown, from the last account filed by the executors, that they then had in their hands $3,044.86 in money, and also real estate valued at over seven thousand dollars; and that out of said money all of the legacies except that of the respondent had been paid since the filing of said account. It was not shown that the executors had disposed of any other portion of the estate. It thus appeared that they had in their hands a sum of money much in excess of the respondent's legacy, and the court did not therefore err in directing its payment.

In determining the amount of money in the hands of the executors available for the payment of the respondent's legacy, the court was not required to take into consideration the amount of the collateral inheritance tax. Such tax is not one of the expenses of administration or a charge upon the general estate of the decedent, but is in the nature of an impost tax or tax upon the right of succession (*Estate of Wilmerding,* 117 Cal. 281, [49 Pac. 181], and is imposed upon the several amounts of the decedent's estate to which the successors thereto are respectively entitled. (*Estate of Wilmerding,* 117 Cal. 281, [49 Pac. 181]; *Estate of Hoffman,* 143 N. Y. 327, [38 N. E. 311].) "The tax is computed, not on the aggregate valuation of the whole estate of the decedent considered as the unit for taxation, but on the value of the separate interests in which it is divided by the will or by the statute laws of the state, and is a charge against each share or interest according to its value and against the person entitled thereto." (*Matter of Westurn,* 152 N. Y. 93, [46 N. E. 315]. See, also, *Knowlton* v. *Moore,* 178 U. S. 41, [20 Sup. Ct. 747].)

The court followed this rule in the present case, and in fixing the amount to be paid respondent deducted from the legacy given to her the amount of the tax thereon, and it is to be assumed that before paying or delivering to the other beneficiaries under the will any property given to them by the testatrix the executors either deducted therefrom or collected from the said beneficiaries the amount of the tax upon their respective gifts.

Nether did the court err in dispensing with a bond on the part of the respondent. The fact that a claim presented by her against the estate had been rejected by the executors, and

I Cal. App.—3

that a suit thereon was pending, did not preclude the court from making an order for the payment of her legacy any more than would a suit upon a rejected claim of any other person. Section 1663 of the Code of Civil Procedure authorizes the court to grant the petition of *any* legatee for the payment of his legacy if it appear at the hearing that the estate "is but little indebted," and that the payment can be made "without loss to the creditors of the estate," and to dispense with a bond from the petitioner if "the time for presenting claims has expired, and all claims that have been allowed have been paid, . . . and the court is satisfied that no injury can result to the estate." Whether an estate is "but little indebted" or the payment can be made "without loss to the creditors" are questions of fact to be determined by the court upon a comparison of the value of the estate with the amount of the debts (*Estate of Crocker*, 105 Cal. 368), and we cannot say that it appears from the record herein that the court made an erroneous decision upon these questions. It is not claimed that there is any indebtedness against the estate other than this claim of the respondent, and the executors still have in their hands property belonging to the estate many times in value the amount of the rejected claim with which to pay the same if it shall be adjudged valid.

Upon the same principles the court was not required to take into consideration the amount that may be required for erecting tombstones authorized by the will. If the moneys in the hands of the executors, after making the other payments, shall be insufficient therefor, they can resort to the realty. The respondent is not required to await such expenditure before being entitled to receive her legacy.

The order appealed from is affirmed.

Cooper, J., and Hall, J., concurred.