[L. A. No. 2348. In Bank.—March 7, 1911.]

## H. FORD SCUDDER, Respondent, v. L. A. PERCE, Appellant.

PARTNERSHIP—TERMINATION—GENERAL PROVISION FOR SETTLEMENT AND DIVISION OF ASSETS—SPECIAL PROVISION FOR PURCHASE—EXCEPTION OF "MONEYS EARNED AND COLLECTED."—Where a partnership agreement provides generally for a settlement and equal division of assets, but also provides specially that the partner desiring to continue the business shall purchase all of the retiring partner's interest in the assets and good will of the business for the cash price of one thousand dollars, in consideration of which the retiring partner shall assign all of his interest in the assets and good will of the business, "other than moneys earned and collected," the party accepting such purchase money can claim no interest in book accounts of "moneys earned and not collected," but is limited to the single exception specified.

ID.—ACTION TO ENFORCE CASH PAYMENT—PLAINTIFF LIMITED TO TERMS OF UNAMBIGUOUS CONTRACT.—In an action by the retiring partner to enforce the cash payment, no question as to the reformation of the partnership contract is involved, but only the legal construction of the written instrument calling for such cash payment, in the light of the circumstances attending its execution; and the plaintiff therein is limited to the terms of the unambiguous contract providing for the purchase of his interest, which excepts only from the operation of the transfer thereof such moneys as had been "earned and collected."

ID.—CONSTRUCTION OF CONTRACT—RULE AS TO GENERAL AND SPECIFIC PROVISIONS.—It is a familiar rule as to the construction of a contract, that when general and particular provisions deal with the same subject-matter, the specific provisions, if inconsistent with the general provisions, are of controlling force. If, therefore, it be said that by the general provision, accounts are to be taken, and the properties of the partnership, including the book accounts, are to be divided equally between the partners, this must be controlled by the specific provision that upon payment of one thousand dollars, all assets, including the book accounts other than "moneys earned and collected," are to become the property of the partner making the payment.

ID.—RULE AS TO GIVING EFFECT TO ALL PROVISIONS—ORDINARY AND USUAL MEANING OF TERMS.—It is a further rule of construction that all parts of a contract are to be given effect, if this may be done without violence to the manifest expressed intent of the parties, and that its terms are to be construed according to the ordinary and usual acceptation of the language, unless an intent that they should be construed otherwise plainly appears. Under this rule, the partnership contract is to be construed as plainly excepting from the assignment only "moneys earned and collected."

ID.—IMPROPER JUDICIAL REFORMATION.—To make a further exception from the purchase and assignment of the assets, book accounts of "moneys earned and not collected" would amount to an improper judicial reformation of the contract for purchase and assignment of the assets.

ID.—IMPROPER CONSTRUCTION OF WRITTEN INSTRUMENT NOT NECESSITATING NEW TRIAL.—It is held that, since the only error into which the trial court fell in rendering judgment was an improper construction of the terms of a written instrument, a new trial is not necessary, but that the judgment will be reversed with directions to enter judgment in accordance with the construction thereof herein expressed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Denio & Hart, for Appellant.

F. A. Knight, for Respondent.

HENSHAW, J.—The appeal is from the judgment on the judgment-roll. The question presented is the true construc-

tion of a partnership agreement. The facts found by the court, so far as necessary to this consideration, are that defendant was a physician and surgeon with an established practice in the town of Long Beach. He entered into a partnership agreement with plaintiff, who also was a physician and surgeon, but without practice in Long Beach. By the terms of the agreement the partnership was to continue until a given date when it became optional with either party to ter-minate the relationship. Plaintiff was to pay and did pay one thousand dollars down on account of the purchase price for his interest in the partnership and was to continue to pay therefor at the rate of fifty dollars a month until the full sum of four thousand dollars had been paid. The provision of the partnership agreement touching the termination of the contract is as follows: "That at the end or other sooner determination of their copartnership the said copartners, each to the other, shall and will make a true, just and final account of all things relating to their said business, and in all things truly adjust the same; that all and every of the stock and gains and increase thereof which shall appear to be remaining, either in money, goods, fixtures and furniture, debts or otherwise, shall be divided between them, share and share alike. It being distinctly understood that at the expiration of said one year, as aforesaid, in case either of the parties hereto decide to terminate and after making the division hereinbefore provided, that the party of the first part will pay to the party of the second part the sum of one thousand ($1,000) dollars; and the party of the second part shall thereupon transfer and assign to the party of the first part all his interest in and to all the office and laboratory furniture and fixtures and in the good will of said business, and in all gains of said business *other than moneys earned and collected."* The controversy between the parties arises over the meaning of the language here quoted and in particular over the meaning of the words italicized. Plaintiff sued demanding the payment of the one thousand dollars and insisted that he was entitled under the contract to one half of the moneys earned by the partnership and not collected, in other words to one half of the book accounts. Defendant answered expressing his willingness to pay the one thousand dollars, but contending that he was entitled upon this payment to all of the uncollected book accounts.

The trial court construed the contract in accordance with plaintiff's contention. The court of appeals took the same view of it and a hearing before this court was ordered.

It is to be remembered that this is not an action for the reformation of a written instrument. It is simply an action calling for a legal construction of the terms of a written instrument in the light of the circumstances surrounding its execution as found by the trial court. It is to be noted also that there is no question here involved of an ambiguity, latent or patent. By the terms of the contract it became the duty of the defendant upon its termination to pay to plaintiff the sum of one thousand dollars, and upon that payment it became the duty of the plaintiff to make over to the defendant all his interest in the business and in its property other than his interest in the moneys of the partnership which had been "earned and collected." There can be no possible doubt of the meaning of this language. It excepts from the operation of the transfer which plaintiff was to make only such moneys of the partnership as had actually been collected. As to those moneys the agreement elsewhere provided for their equal division between the partners. Color and force for the construction adopted by the trial court is found in the language preceding, to the effect that an accounting should be had and that "all and every of the stock and gains and increase thereof which shall appear to be remaining, either in money, goods, fixtures and furniture, debts or otherwise, shall be divided between them, share and share alike." And it is said that a provision for an accounting would be idle and a provision that the debts (due the partnership) should be divided equally between them, would be meaningless if it was contemplated that upon a tender by defendant of a one thousand dollars, all of the property, including these debts, was to be transferred to him. The difficulty with this argument is that it proves too much. If upon the tender the debts were not to be transferred, then neither were the goods, fixtures, and furniture as to which it is also specifically provided in the first clause that they should be divided equally between the partners and as to which in the last clause of the agreement it is also specifically provided that a transfer of them should be made to the defendant. Nor can it be said that an accounting under the construction contended for by appellant would be a vain thing

since that accounting might very properly go, upon the one hand to the amount of moneys which had been actually collected and of which plaintiff was entitled to one half, and upon the other hand to the amount of moneys properly chargeable and not collected, which, upon the dissolution of the partnership would go to the defendant who retained the business and the books and continued in the practice and to whom naturally the collection of the debts due from his patients would properly fall.

But if it be conceded that up to this point the arguments for each construction of the contract are of equal weight, certain considerations yet to be adverted to give determinative force to the construction contended for by appellant. The first of these is the familiar rule that when general and specific provisions of a contract deal with the same subject-matter, the specific provisions, if inconsistent with the general provisions, are of controlling force. If, therefore, it be said that by the general provision accounts are to be taken and the properties of the partnership, including the book accounts, are to be divided between the partners equally, this must be considered as controlled by the specific provision that upon the payment of one thousand dollars all assets of the partnership, including the book accounts, shall become the property of the defendant. The second consideration is that all parts of a contract are to be given effect if this may be done without doing violence to the manifest expressed intent of the parties and that the terms of a contract are to be construed according to the ordinary and usual acceptation of the language unless an intent that they should be construed otherwise plainly appears. Appellant's construction of the contract gives to the italicized language the meaning which it naturally and ordinarily bears. The respondent's construction, on the other hand, is a distinct change in the meaning of the contract and amounts to a judicial reformation of it by which reformation it would be made to say that there should be excepted from the transfer all moneys earned and *not collected*, when the contract itself declares that there shall be excepted from the contract only the moneys earned and actually collected.

Since the sole error into which the trial court fell was in the construction of the terms of a written instrument a new trial is unnecessary. The judgment is therefore reversed with

directions to the trial court to enter judgment in accordance with the construction of the contract herein expressed.

Shaw, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.