[Civ. No. 6381. First Appellate District, Division One.—September 24, 1928.]

In the Matter of the Estate of LUCILE KNOWLAND HILL, Deceased.

H. S. Henion, Snook & Snook & Chase for Appellant.

E. K. Taylor for Respondent.

BEAUMONT, J., *pro tem.*—Lucile Knowland Hill died testate December 25, 1926. Among the legatees named in her will were the following: Robert Lewis Hill, her husband; William F. (Russell) Knowland; E. Harold Dana and Louise Hoover Dunbar. The only heirs at law of decedent were Robert Lewis Hill and Joseph R. Knowland, a brother. Petitions for partial distribution were filed by E. Harold Dana and Louise Hoover Dunbar, residuary legatees, praying for distribution to each of $15,000. These were resisted by said Robert Lewis Hill and Joseph R. Knowland. Following the hearing on the petitions, the court ordered distribution to each in the sum of $10,000, less $4,000, which latter sum was to be retained from each distributee's share for the payment of inheritance tax. The court further ordered each to give a bond in the sum of $2,500 for the payment of his proportion of the debts due from the estate. William F. Knowland and Robert Lewis Hill have appealed from the decrees. By stipulation the appeals are to be determined on one record.

Appellants urge as a ground for reversal that the evidence did not justify the finding that the estate is but

little indebted. The inventory and appraisement show real and personal property of the appraised value of $354,287.27. Claims in the sum of $9,646.24 were allowed and approved. There was another claim for $750 which had not been allowed. Statements are variously made in the briefs of respective parties as to certain other alleged indebtedness, but the items alleged to comprise such indebtedness are not clearly set out in the record. Whether an estate is "but little indebted" is a question of fact to be determined by the court (*Estate of Chesney*, 1 Cal. App. 30 [81 Pac. 679]), and we are of the opinion that the evidence fully supports this finding.

Another ground upon which appellants seek reversal of the decree is that no inheritance tax had been paid or ascertained at the time the order was made. In their brief they set forth certain testimony which shows that the inheritance tax appraiser had completed appraisement of the property of the estate and had estimated the tax payable by Louise H. Dunbar at $3,940.50, and by E. Harold Dana at $3,603.69. The court ordered the executor to retain from each distributive share the sum of $4,000, and to deposit it with the county treasurer for the purpose of paying the inheritance tax. This "is sufficient to satisfy the court," as was said in *Estate of Ross*, 187 Cal., page 467 [202 Pac. 646], "that the taxes will be fully paid by the time the order is executed."

After the appeal had been perfected there was filed in this court on behalf of appellant Knowland an application for an order allowing additional testimony to be taken. It was the purpose of appellant to show that subsequent to the entering of the order for partial distribution actions had been begun to revoke the probate of the will. One such contest was by Robert Lewis Hill and one by Joseph R. Knowland. At the hearing before this court the parties stipulated as to the fact of the contests; that a copy of the contest pleadings might be considered by the court, these showing that the proceedings to revoke the probate of the will and to declare the same invalid had been instituted in the superior court of Alameda County, the court from which the appeals were taken, within the statutory time. It was represented to this court that the contest of Joseph R. Knowland was, at the time of the hearing, listed on the trial calendar of

the said superior court. In view of this additional testimony and the provisions of section 956a of the Code of Civil Procedure, we find contrary to the trial court as to the existence of a contest of the will. Instead of the finding (No. 8) that there was no contest, it is ordered that the following be substituted, to wit: That Robert Lewis Hill, an heir at law of decedent, has filed an action contesting the validity of the will; that Joseph R. Knowland, an heir at law of decedent, has filed an action contesting the validity of the will.

This case, considered in the light of the present findings, is that partial distribution has been ordered while a contest of the will is pending; that the persons who are seeking to revoke the probate of the will are the heirs at law; that the distributees are not heirs at law and will not take anything of the estate of decedent unless the will is upheld.

Counsel for respondent cites as authority for upholding the judgments the decisions in the *Estate of Pritchett,* 51 Cal. 568, and 52 Cal. 94. In that estate no contest was filed, there being only a possibility of such contest, as was the situation in the present matter when it was before the trial court.

Respondents also cite the *Estate of Hinkel,* 176 Cal. 563 [169 Pac. 70], as a proceeding wherein a contest was actually pending at the time of partial distribution. We are of the opinion that that case is not controlling here. It holds substantially that the fact the will was still open to contest did not preclude partial distribution where other heirs had made an agreement for distribution under which a sufficient amount was to be retained by one heir to pay the claim of contestant, should he succeed. The court therein said that "the fact that a will is still open to contest at the suit of a minor or a nonresident does not *necessarily* (italics ours) preclude a distribution," and cites *Estate of Pritchett, supra.*

*Hantz* v. *Sealy,* 6 Binn. (Pa.) 405, was an action by a widow against the executor of her husband's will to recover the amount of personal estate bequeathed to her by the will. It was held that the executor was not liable for a legacy where the probate of will is suspended by appeal. The court used the following language: "It was not the duty

of defendant to pay anything which depended upon the will until it was decided whether the will existed.''

The petition for distribution here was filed under section 1658 of the Code of Civil Procedure, which provides that after the lapse of four months from the issuance of letters testamentary or of administration, any heir, devisee, or legatee may present his petition to the court for the legacy or share of the estate to which he is entitled, or any portion thereof, to be given to him upon his giving bonds. Sections 1659 and 1660 provide for the giving of notices to all persons interested in the estate and that they may appear and resist the application. Section 1661 must be construed with the foregoing sections. ■ The court is not, therefore, limited to a consideration of whether it appears that the estate ''is but little indebted and that the share of the party applying may be allowed to him without loss to the creditors of the estate'' (sec. 1661, Code Civ. Proc.), but shall also consider whether the person applying is entitled to the share claimed.

In *Estate of Painter*, 115 Cal. 635, 639, 640 [47 Pac. 700, 701], an appeal from an order denying partial distribution, the court said: ''It is also obvious that the court may be called upon to determine other questions than those pertaining to the interests of creditors; as, for instance, whether the applicant is *entitled* (italics ours) to a share of the estate, and if so, what share is necessarily involved.''

In *Wm. Hill Co.* v. *Lawler*, 116 Cal. 359 [48 Pac. 323], it was said that ''the 'distribution' of an estate includes the determination of the parties who by law are entitled thereto, . . . '' Although that case involved a final distribution, the same considerations apply to a distribution under sections 1658, 1660, and 1661, for before the court can make an order for partial distribution, it is necessary to know whether the petitioner is entitled to any part of the estate. (*Estate of Ross*, 187 Cal. 454, 466 [202 Pac. 641].)

■ In considering the question presented by the stipulated testimony and the new finding, the appellate court stands in the place of the superior court acting as a court of probate. In the exercise of probate jurisdiction the court proceeds upon principles of equity. (*Estate of Glenn*, 153 Cal. 77 [94 Pac. 230]; *Estate of Moore*, 96 Cal. 522 [31

Pac. 584].) By withholding the partial distribution herein sought, no ultimate harm is likely to ensue. If distribution is ordered, great loss may result if the will is declared invalid. In such event, if the distributees do not voluntarily return to the estate the shares received, actions will be necessitated. If there is financial inability on the part of either distributee to pay any judgment that might be obtained against him, pecuniary loss will be suffered by the heirs. It is, of course, not only the policy of our laws to do ultimate justice, but to do it expeditiously, with as little cost to the parties as is reasonably possible and to avoid unnecessary litigation.

A reading of the decisions of our state courts leads us to the conclusion that those decisions do not attempt to construe the statutes providing for distribution of estates by an inflexible rule, but rather that each case should be viewed in the light of its own particular facts. As was said by Mr. Justice Temple in the *Estate of Painter, supra,* "There are all sorts and conditions of estates. Probably in not one in one hundred would the court be justified in ordering a distribution within four months after the issuance of letters. Yet there are estates in which it would be quite obvious that there would be no danger in so doing." Previously, in the same opinion he had remarked that "It is evident that persons interested in the estate have very little protection in this proceeding, except in the discretion of the probate judge; and he should, therefore, proceed with the greatest caution."

The petitioners (respondents) based their prayer for distribution solely upon the terms of the will. They will take nothing if the will is invalid. The validity of the will has been attacked. We are of the opinion that petitioners then should not, as a matter of right, receive anything until at least one of the contests is determined and the will upheld.

By reason of the conclusion herein reached it is not necessary to consider the other points urged by appellant.

The orders are reversed, with the direction to the lower court to suspend distribution in accordance with the expressions herein contained.

Tyler, P. J., and Knight, J., concurred.