[Civ. No. 1851. Fourth Appellate District.—April 26, 1937.]

In the Matter of the Estate of CHARLES COHN, Deceased. BERTHA COHN, Respondent, v. ANGLO–CALIFORNIA NATIONAL BANK OF SAN FRANCISCO, as Special Administrator, etc., et al., Appellants.

Joseph T. O'Connor, Joseph A. Brown, Norman A. Eisner, Borton, Petrini & Conron for Appellants.

W. H. H. Gentry, Inheritance Tax Attorney, and T. H. Christiansen and James W. Hickey, Assistant Inheritance Tax Attorneys, as *Amici Curiae* on Behalf of Appellants.

Glikbarg & Wolf, I. H. Printzmetal and William R. Hulsey for Respondent.

MARKS, J.—Irving Cohn died during the pendency of this appeal. The Anglo-California National Bank of San Francisco, as special administrator, has been substituted for him as appellant in his representative capacity. The Bank of America National Trust and Savings Association, as executor, has been substituted for him as appellant in his individual capacity.

This is an appeal from an order of the probate court directing partial distribution of property of the estate of Charles Cohn, deceased, having an appraised value of approximately $130,000. The portion of the order pertinent to this appeal is as follows:

"It is now ordered, adjudged and decreed that the following described property be and the same is hereby distributed to Bertha Cohn:

"(a) Personal property: 20,088 shares of stock of the Jewett Oil Company.

"3,668 shares of stock of the Monarch Oil Company.

"Cash: $4,513.55.

"(b) Real Estate (here follows five pages of property description).

"It is further ordered, adjudged and decreed that out of the real estate hereinabove set forth as distributed, there shall be deducted and retained in the estate, until such time as the inheritance taxes due to the State of California from the said estate shall have been paid, $40,000.00 in value of real estate as determined by the referees in partition heretofore had, and as now distributed, . . . "

The only question presented here is the propriety of decreeing a partial distribution before the inheritance tax is paid, or sufficient money is in the hands of the executor or administrator with which to pay it before he delivers the property under the decree of partial distribution.

Counsel for both parties have become acrimonious over the question of delay in closing the estate. While this matter may be of great importance, it cannot interest us here or affect our decision on this appeal. The remedy for undue delay, if any, lies, in the first instance, in the probate court.

Whether the statutes in effect at the time of the death of deceased (June 22, 1926), or at the date of the decree of partial distribution (December 13, 1935), govern here, is also argued. This question is purely academic. As far as they affect this appeal, statutes in effect on the two dates are of similar import. (Sec. 1669, Code Civ. Proc.; sec. 1024, Probate Code; sec. 9, Stats. 1921, p. 1500; sec. 9, Stats. 1935, p. 1266.) For convenience only, we will cite and quote from the code section and from the statute now in effect without deciding whether the enactments in effect in 1926, or those now in force, are controlling.

Counsel also debate the question of whether the decree of partial distribution, if erroneous, must be reversed because beyond the jurisdiction of the probate court to render, or because it is an erroneous exercise of that jurisdiction. We will not participate in this debate or attempt to decide it as the question is unimportant here. The same result is reached whether we regard the decree as merely erroneous or as beyond the jurisdiction of the probate court.

Section 1024 of the Probate Code provides as follows:

"Before any decree of distribution is made, all inheritance taxes due from the distributee and all personal property taxes due and payable by the estate must be paid."

Section 9 of the Inheritance Tax Act of 1935 (Stats. 1935, p. 1266) provides in part as follows:

"Any administrator, executor, or trustee having in charge or trust any legacy or property for distribution, subject to the said tax, shall deduct the tax therefrom, or if the legacy or property be not money he shall collect the tax thereon, upon the market value thereof, from the legatee or person entitled to such property, and he shall not deliver, or be compelled to deliver, any specific legacy or property subject to tax to any person until he shall have collected the tax thereon; and whenever any such legacy shall be charged upon or payable out of real estate, the executor, administrator or trustee shall collect said tax from the distributee thereof, and the same shall remain a charge on such real estate until paid; . . .

"Every sum of money retained by an executor, administrator or trustee, or paid into his hands for any tax on property, shall be paid by him within thirty days thereafter, to the treasurer of the county in which the probate proceedings are pending."

To support the decree of partial distribution respondent cites the cases of *Estate of Mahoney,* 133 Cal. 180 [65 Pac. 389, 85 Am. St. Rep. 155], *Estate of Ross,* 187 Cal. 454 [202 Pac. 641], *Estate of Hill,* 94 Cal. App. 113 [270 Pac. 708], *Estate of Johnson,* 218 Cal. 501 [23 Pac. (2d) 1012], and *Estate of Chesney,* 1 Cal. App. 30 [81 Pac. 679].

In each of these cases, except *Estate of Johnson, supra,* it appears there was sufficient cash in the estate to pay the inheritance tax and that the executor or administrator was not required to deliver the property distributed until the

tax was paid. This was held sufficient compliance with the law and protection of the interest of the state.

In *Estate of Johnson, supra,* it was remarked that there was evidence negativing the existence of an inheritance tax and that the administrator, the appellant, waived the objection of the failure to prove payment of that tax as a ground for reversal of the decree. It follows that respondent can gain no comfort from that case.

Inheritance taxes are payable in lawful money. They cannot be paid in real estate. Because a decree of partial or final distribution has been approved on appeal where it appeared there was sufficient money in the estate to pay the inheritance tax and this tax was ordered paid before delivery of the property to the distributee, cannot be held to support the decree· of partial distribution here. In the instant case inheritance taxes in the sum of about $35,000 had not been paid. It does not appear that there are sufficient moneys in the estate to pay the tax. The ear-marking of real property to be held or sold for the purpose of paying the tax at some future time is not equivalent to the payment of the tax in money before property is delivered to the distributee. The state should not be expected to accept the security of real property that may be sold at some future date for present payment in money. The statutes do not authorize such procedure. No decision to which we have been cited has approved it.

The decree of partial distribution is reversed. Appellants will recover their costs on this appeal.

Barnard, P. J., and Jennings, J., concurred.