[Civ. No. 7825. Third Dist. Jan. 29, 1951.]

ALEX E. WILSON, Appellant, v. JOE GRAY et al., Respondents.

64

Arthur S. Powell, Louis J. Glicksberg and Sterling Carr for Appellant.

Rich, Weis, Carlin & Fuidge, Walter McGovern and Frank Ilgenfritz for Respondents.

PEEK, J.—This is an appeal by plaintiff from a judgment in favor of defendants in an action for breach of contract, and from the order denying his motion for a new trial.

The record, viewed in the light most favorable to defendants, shows that in 1946 Joe Gray and his son, Charles A. Gray, were operating a lumber business under the firm name of Joe Gray & Son. In the summer of that year the Grays became interested in certain timber land lying in Yuba, Butte and Plumas Counties, and subsequently obtained an oral option to purchase the same for $185,000 provided the partnership could arrange the financing within two weeks. At the outset of negotiations the Grays conferred with appellant Alex E. Wilson, a lumber broker, who indicated that certain sources of financing were available to him and he believed that he could obtain a loan for the purchase price of the timber land. On July 2, 1946, Wilson and the Grays entered into an agreement which, among other things, provided that Wilson was to have an "exclusive option for Seven days" to secure the sum of $270,000 to be used to purchase the timber land in question and the balance to be used for certain refinancing and the building of additional mill facilities.

Shortly after the expiration of the seven-day period provided in the agreement it appeared that Wilson would not be successful in procuring the financing as the parties had originally contemplated. It was thereupon decided that the amount would be reduced to $185,000; that a new understanding was reached whereby Wilson would continue his efforts

to obtain financing; that the Grays would likewise attempt to obtain a loan, and if Wilson should be the first to get the money his rights under the July 2d agreement would be reinstated. On August 15, 1946, respondent Charles A. Gray discussed the loan with the Stockton Box Company and on the 18th day of August that company agreed to make the loan. On August 19, 1946, Wilson, for the first time, obtained a commitment by one A. H. Land to lend to the Grays $185,000, which information he communicated by telephone to Joe Gray on the afternoon of the same day. Gray informed Wilson that the deal was off. Plaintiff met the Grays early the following morning and was again told that the deal was off. A telegram was delivered to Wilson on August 20, 1946, signed by the Grays stating that the deal was definitely off. Plaintiff then instituted this action for damages for breach of the agreement.

■ He first contends that there is nothing in the record to support the trial court's finding that "on or about August 15, 1946, defendants acting independently of plaintiff and at a time when plaintiff had not secured the sum of $185,000, or any other sum for the purposes aforesaid, negotiated a loan with the Stockton Box Company, as a result of which defendants purchased the property in question." To the contrary the record shows testimony by Charles A. Gray that he first contacted the Stockton Box Company on August 15, 1946; that on the following day a representative of the box company contacted him indicating definite interest; that on the 17th the company's representative drove through the timber tract, and on the following day telephoned to the Grays stating that the company would make the loan. Wilson's own testimony was that he did not obtain Land's agreement to make the loan until August 19, 1950. Hence there was substantial evidence in the record to support the finding that the Grays negotiated the loan before Wilson had obtained any financing. This is the essential issue of fact in the case, since it is conceded that Wilson's rights under the agreement depended upon his being the first to obtain the loan. August 19th being the critical date, it appears that there is substantial evidence to support the finding of the trial court that the Grays independently negotiated a loan for the purchase price on or about August 15, 1946. Where the findings of the trial court are supported by substantial evidence, those findings will not be disturbed on appeal. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970].)

■ Appellant further contends that the mere negotiation of a loan resulting in the purchase of the property by defendants, as found by the trial court, was not sufficient to terminate appellant's rights under the agreement but that an actual completion of the loan was necessary in order to cancel his rights.

The trial court found that the agreement made by the parties following the expiration of the original written agreement of July 2, 1946, was that "should plaintiff secure the necessary financing before the same should be secured by defendants the parties would consider themselves bound by the original agreement of July 2, 1946." That finding is amply supported by the record, and is not questioned in this appeal. We are convinced that a reasonable construction of the words "secure the necessary financing" when read in the light of the entire arrangement between the parties, cannot be construed to require more than an *agreement* on the part of a prospective creditor to make the loan contemplated. To interpret the words so used as appellant would have us do would only lead to more confusion. Where one construction would make a contract unreasonable or unfair, and another construction, equally consistent with the language, would make it reasonable, fair and just, the latter construction is the one that must be adopted. (*Cohn* v. *Cohn*, 20 Cal.2d 65 [123 P.2d 833].) Applying the same rule to the further finding of the trial court that defendants, acting independently of plaintiff and at a time when plaintiff had not secured the sum in question, "negotiated a loan with the Stockton Box Company, as a result of which defendants purchased the property" was in effect a finding that defendants had secured the necessary financing within the meaning of the agreement between the parties. We therefore conclude that the trial court correctly interpreted the agreement and that appellant's rights thereunder were terminated on August 18, 1946, when respondents reached an agreement with the Stockton Box Company.

■ At the conclusion of the trial appellant made a written motion to reopen the case to introduce testimony to the effect that the Stockton Box Company had placed no part of the purchase price in escrow until August 20, 1946, when it deposited $10,000, and that the lending transaction was not completed until September 4, 1946. In view of our interpretation of the agreement, this evidence would not have been

material to plaintiff's case, and the trial court's denial of the motion to reopen was not error.

The judgment and order are affirmed.

Adams, P. J., and Van Dyke, J., concurred.

The opinion was modified and a petition for a rehearing was denied February 27, 1951. Appellant's petition for a hearing by the Supreme Court was denied March 26, 1951.