Nathaniel T. Helman, J.
In this proceeding for a judicial settlement of the third intermediate account of the trustees of a trust for one Max Howell Behr established by an inter vivos deed of trust made by his father, Herman Behr, instructions have been requested ¡by the trustees with regard to payments and charges of income and principal. The grantor was a resident of the 'State of New York at the date of the execution of the deed of trust, the assets were received by the trustees in New York and have since remained in the possession of the corporate trustee within this iState. The trust for Max Howell Behr, as set up in paragraph 6th of the Deed of Trust, continued during his life and that of ‘1 his wedded wife at the time of his death and during the life of the survivor of them ’ ’. Max Howell Behr died a resident of the State of 'California leaving him surviving his wife, Roberta. A separate provision of the Deed of Trust created a power of appointment in Max Howell Behr to be exercised by his will with respect (a) to income, “ during the life of his wife ”, and (b) over principal, “ upon termination of the said trust by the death both of the grantor’s said son Max and his said wife ”. Max Howell Behr having exercised the power by his will (par. 5th) during the lifetime of his wife, various questions have arisen as to the proposed apportionment by the trustees of taxes and interest paid by the trustees out of the principal of the trust, it appearing that Max Howell Behr’s individual property was insufficient to pay these taxes. It further appears that no apportionment has as yet been effected with respect to any payments made or incurred out of the principal of the trust for expenses, legal fees and disbursements in connection with the determination of the Federal estate tax in the estate of Max Howell Behr. Other taxes arising out of the sale of principal assets at a profit have likewise been paid without apportionment, and it is with respect to the proper allocation of responsibility for the various charges that instruction is requested. The court has examined the applicable California statutes and instructs the trustees as follows:
*481 (a) Federal Estate Tax — Sections 970 to 977 of the California Probate Code requires equitable proration of these taxes and interest thereon among the persons interested who benefit therefrom and to whom the property is transferred. It is the clear intendment of the statute to equitably apportion the tax burden among those whose gifts contribute thereto, eliminating those whose legacies in no way affect the tax (Security First Nat. Bank v. Wellslager, 88 Cal. 2d 210; Matter of Buckhantz, 120 Cal. 2d 92). The 100 shares of Class A stock given to Curtis and the 300 shares given to Irsfeld will be required to pay a prorata share of the Federal estate tax.
(b) The California Inheritance Tax — The provisions of section 13693 and section 14101, and section 14124 of the California Revenue and Taxation Code impose a similar prorata obligation on Curtis and the Irsfelds respectively with regard to the shares held by them as above described. Each beneficiary is required under these statutes to pay the amount assessed upon the value of the property devised or bequeathed to him (Cohn v. Cohn, 20 Cal. 2d 65).
(c) California Additional Tax■ — ■ Section 14126 of the California Code imposes this liability “ out of such funds as are used for the payment of any ordinary charge against the estate ”. Accordingly, this tax will be paid from the general corpus without allocation or proration to the shares provided for Curtis and the Irsfelds.
(d) Interest on Taxes — • There appears to be no provision in the California statutes for the allocation or proration of interest. ¡Since the trust has from its inception been administered in New York, the court will follow the principle recently adopted by the New York Legislature in 1950 (Decedent Estate Law, § 124) to the effect that interest be allocated in the same manner as the tax itself. Interest should be charged to the several interests in the corpus of the trust as established by Max Howell Behr in the exercise of his power of appointment.
(e) Fees and Disbursements — ■ These are properly matters of trust administration. While the expenses are not “ ordinary ” in that they were confined to a determination of Federal tax liability, the court regards these expenses as a normal charge incurred by the estate, which should be paid from the residue rather than by any devisee or legatee. The specific provisions of paragraph 10th of the Trust Indenture to the effect that expenses dealing with inheritances, transfer and estate taxes shall be paid “ out of the principal of such trusts ” satisfies the court that no allocation is necessary in this aspect of the administration of the trust and that such expenses are properly *482 chargeable to the corpus of the trust. The expense will be chargeable to the corpus and not to the shareholdings of Curtis and the Irsfelds. The same principle will apply to the general administration expenses, and the expenses of the accounting.
(f) Future payment of Income — The right of Curtis and the Irsfelds to income from 100 and 300 shares respectively of the Class A stock of Gr-M Holding Corp. is unaffected by the allocation of death taxes. The court has given consideration to the fact that the grantor separated his dispositions of income and corpus in subdivisions 1 and 2 of paragraph 5th of his will in such a manner that the allocation of taxes was not intended to disturb the right of the beneficiaries to the continued income from the specified number of shares. Had the testator intended otherwise he would have expressly so stated. The trustees will continue to pay the income in each case from no lesser number of shares than 100 and 300 respectively.
(g) Deduction of Trustees’ Commissions on Income — Hone of the provisions of the will present any requirement that the income commissions should be deducted from the income payable to Curtis and the Irsfelds. During his lifetime Max Howell Behr treated the commissions on income as a deduction not chargeable to the monthly payments of income payable to his wife, and no reason appears why the separately established income payments to Curtis and the Irsfelds under paragraph 5th should be treated differently. Such commissions will be deductible from the remaining income of the trust, under principles already discussed.
The application of the trustees will be granted as herein indicated and the order to be submitted may include the usual provisions for the fixation of allowances and the judicial settlement of the account.