Filed 5/20/14  The Irvine Co. v. Coyne CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE IRVINE COMPANY,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>JEFFREY B. COYNE,<br><br>  Defendant and Respondent. | G048234<br><br>(Super. Ct. No. 30-2011-00532320)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Di Cesare, Judge.  Affirmed.

Bewley, Lassleben & Miller and Ernie Zachary Park for Plaintiff and Appellant.

Outwater & Pinckes and Randi E. Pinckes for Defendant and Respondent.

\*          \*          \*

The Irvine Company, LLC (Landlord), sued Jeffrey Coyne for breach of guaranty and breach of the covenant of good faith and fair dealing. The court granted summary judgment in Jeffrey Coyne's favor. On appeal, Landlord contends the court misinterpreted a written guarantee and failed to recognize the existence of triable factual issues. We disagree and affirm the judgment.

FACTS

In June 2006, Jeffrey Coyne and his then wife, Christina Coyne,[1] signed a guarantee of lease (the Guarantee), whereby they guaranteed the performance of Newport Hills, Inc. (a corporation owned and operated by Christina), as tenant under a lease with Landlord.

The introductory paragraph of the Guarantee stated it was given by "Christina Coyne and Jeffrey Coyne, as husband and wife, on behalf of each of their marital and community property estates and on behalf of the separate property estate of Christina Coyne . . . ." A provision in the Guarantee stated in part: "Under no circumstances shall Landlord have any recourse whatsoever against the separate property estate of Jeffrey Coyne."

In February 2007, the Coynes separated. In May 2007, Jeffrey petitioned the court for dissolution of his marriage with Christina. Three years later, the court entered a dissolution judgment, which awarded, as of May 4, 2010, all items of community property to Jeffrey or Christina as their respective sole and separate property.

---

[1] For ease of reference and to avoid confusion, we refer to Jeffrey Coyne and Christina Coyne by their first names. We intend no disrespect.

At some point in time, Newport Hills, Inc., allegedly breached its lease with Landlord by vacating the premises prior to the lease's expiration and failing to pay the sums due thereunder.

In December 2011, Landlord sued Jeffrey for breach of guaranty. In August 2012, Landlord filed an amended complaint against Jeffrey for breach of guaranty and breach of the covenant of good faith and fair dealing.

In October 2012, Jeffrey moved for summary judgment. On February 20, 2013, the court granted Jeffrey's motion. On March 18, 2013, the court entered judgment in Jeffrey's favor.

DISCUSSION

A "party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) A defendant moving for summary judgment bears the burden of persuasion that an element(s) of the cause of action cannot be established, or there is a complete defense thereto. (*Ibid.*) An appellate court independently reviews a trial court's grant of a summary judgment motion. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60.)

*The Court Properly Interpreted the Guarantee*

Section II.F of the Guarantee (subsection F) provides: "LIMITATION OF GUARANTEE. Notwithstanding anything to the contrary in this Guarantee or in the Lease, Landlord specifically agrees, as a material inducement to the granting of this Guarantee, that its recourse against Guarantor is limited to the marital and community property estates of Jeffrey and Christina Coyne, husband and wife, and the separate property estate of Christina Coyne, each of which shall be jointly and severally liable

3

under this Guarantee.  Under no circumstances shall Landlord have any recourse whatsoever against the separate property estate of Jeffrey Coyne."

The court ruled that, under a plain reading of the Guarantee and the terms of the dissolution judgment, Jeffrey had met "his burden of showing that he no longer has any community property under which he could serve as a guarantor given the limitations of the guaranty."  The court further ruled that Family Code section 916 (discussed below) is inapplicable.

On appeal, Landlord contends the court erred in granting summary adjudication as to the breach of guaranty cause of action because the court misinterpreted subsection F.  Jeffrey counters that subsection F is unambiguous, and the court properly interpreted it to conclude he did not breach the Guarantee.

Our threshold task is to determine whether subsection F is ambiguous.  If it is not ambiguous — if its language is clear, explicit, and not absurd — the language alone governs its interpretation.  (Civ. Code, § 1638; see also *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264.)  This rule serves to "avoid future disputes and to provide predictability and stability to transactions . . . ."  (*Abers v. Rounsavell* (2010) 189 Cal.App.4th 348, 356.)  "[T]he intention of the parties is to be ascertained from the writing alone, if possible . . . ."  (Civ. Code, § 1639.)  "It is the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation."  (*Titan Group, Inc. v Sonoma Valley County Sanitation Dist.* (1985) 164 Cal.App.3d 1122, 1127.)

Since there is no extrinsic evidence in this case, we interpret subsection F de novo.  (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 866.)

Subsection F states that, notwithstanding anything to the contrary in the Guarantee, Landlord specifically agrees that its recourse against Jeffrey is limited to his community property, and (underscoring the point) that under no circumstances will Landlord have any recourse against Jeffrey's separate property.

4

If the parties had intended that Jeffrey's *former* community property be subject to his obligations under the Guarantee despite a marital dissolution, the parties could have drafted subsection F to say so.[2] But they did not. Instead, subsection F is replete with language stressing that it means what it says. Landlord agreed to that language as a material inducement to Jeffrey entering into the Guarantee. Under that language, Jeffrey agreed to guarantee Christina's corporation's obligations under the lease only while he and Christina shared community property. After that, Landlord's sole recourse is against Christina (under the Guarantee) and her corporation (under the lease). It is undisputed that the marital dissolution judgment does *not* defeat Landlord's claims under the Guarantee as to Christina.

*Cohn v. Cohn* (1942) 20 Cal.2d 65, on which Landlord relies, is inapt. *Cohn* states, "Where one construction would make a contract unreasonable or unfair, and another construction, equally consistent with the language, would make it reasonable, fair and just, the latter construction is the one which must be adopted." (*Id.* at p. 70.) Landlord's interpretation of the Guarantee is *not* "equally consistent with the language" of the contract. (*Ibid.*)

Landlord also relies on *Robert T. Miner, M.D., Inc. v. Tustin Ave. Investors* (2004) 116 Cal.App.4th 264. But, although *Miner* found an "equally plausible" interpretation of a contract based on the circumstances under which it was made (*id.* at p. 272), the contract there was clearly ambiguous (*id.* at p. 267).

Finally, Landlord relies on Family Code section 916, which provides in

---

[2] For example, two other subsections of the Guarantee specify the times as of which certain determinations are to be made, demonstrating that, where clarity was desired or considered to be needed, the drafter(s) provided it. Subsection II.C.3 states that Guarantor waives "[a]ny and all rights it may have to enforce any remedies available to Landlord against Tenant *now or in the future*." (Italics added.) Subsection II.C.5 states that Guarantor waives "[a]ny and all right to participate in any security deposit held by Landlord under the Lease *now or in the future*." (Italics added.)

5

relevant part that, after community property is divided between the parties in a proceeding for marital dissolution, the "separate property owned by a married person at the time of the division and the property received by the person in the division is liable for a debt incurred by the person before or during marriage and the person is personally liable for the debt . . . ." (*Id.*, subd. (a)(1).) Landlord has forfeited this issue by failing to raise it below. (*Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["arguments not asserted below are waived and will not be considered for the first time on appeal"].) Jeffrey never had an opportunity to address the issue in the trial court. Although the trial court raised the statute in its ruling, it ruled that the statute is inapplicable.

Even if Jeffrey had not forfeited the Family Code section 916 issue, the court correctly ruled the statute inapplicable under the circumstances. Had there not been the contractual limitation on Landlord's rights against Jeffrey's separate property, Family Code section 916 would have applied. Family Code section 902 broadly defines "debt" as "an obligation incurred by a married person before or during marriage, whether based on contract, tort, or otherwise." The Guarantee was an "obligation," and thus a "debt" under that definition. Although liability on the Guarantee had not matured at the time of the dissolution, it was nevertheless an "obligation" "incurred" during marriage. (See Fam. Code, § 903, subd. (a) ["A debt is 'incurred'" "[i]n the case of a contract, at the time the contract is made"].) Thus, in the absence of the contractual limitation in the Guarantee, the former community property distributed to Jeffrey in the judgment of dissolution as his separate property would have been liable on Landlord's claim under the Guarantee.

But Family Code section 916, subdivision (a)(1), is clearly intended as a protection for third party creditors, such as Landlord. And just as a guarantor may waive essentially all of the statutory rights and defenses otherwise available against a creditor (see Civ. Code, § 2856, subd. (b)), there is no reason in policy or law why a creditor may

6

not likewise waive its statutory rights under Family Code section 916, subdivision (a)(1). That is what happened here. Landlord expressly waived any right to enforce liability under the Guarantee against Jeffrey's separate property.[3] In the words of the Guarantee, "*Landlord specifically agrees, as a material inducement to the granting of this Guarantee*, that its recourse against Guarantor is limited to the marital and community property estates of Jeffrey and Christina Coyne, husband and wife, and the separate property estate of Christina Coyne, each of which shall be jointly and severally liable under this Guarantee. *Under no circumstances shall Landlord have any recourse whatsoever against the separate property estate of Jeffrey Coyne*." (Italics added.) Words have meaning. "Under no circumstances" means just that. The Guarantee contains no exception to those three simple words.

*The Court Properly Found No Triable Issue of Fact as to the Interpretation of the Guarantee*

Landlord next contends the court erred in granting summary adjudication as to the breach of guaranty cause of action because there exists a triable factual issue as to the interpretation of the Guarantee.

Landlord's contention is based on the following deposition testimony by Jeffrey. In February 2007, he decided to dissolve the marriage. He understood the property he would receive after the community property was divided would be his separate property. In 2009, while the marital dissolution was pending, Christina — who had been negotiating with Landlord for rent relief and had arrived at a deal whereby economic concessions were made to the lease — presented Jeffrey with a document which she said they needed to sign as guarantors. Jeffrey signed the document, which

---

[3] Landlord's argument that "property received by the person in the division" is still another classification of property, which, for the purpose of Family Code section 916, subdivision (a)(1), is neither community property nor separate property, is creative, but without any authority in the law.

7

was an amendment to the lease, and by his signature, consented to the amendment and agreed to remain bound by the amended lease terms and the Guarantee during the term.

Landlord argues that Jeffrey's conduct can be viewed as evidence "of his understanding that the guaranty was not affected by the dissolution." But Landlord acknowledges that a party's conduct may be used as an aid to interpreting a contract only if the contract is ambiguous. As discussed above, subsection F is not ambiguous.

*The Court Properly Found No Triable Issue of Fact as to the Implied Covenant of Good Faith and Fair Dealing*

Finally, Landlord contends the court erred in granting summary adjudication as to its bad faith claim because there exists a triable factual issue as to that cause of action. Landlord argues that Jeffrey breached the implied covenant of good faith and fair dealing "by taking the position that his voluntary act of dissolving the marriage has the effect of transmuting property subject to the guaranty into property exempt therefrom."[4]

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 349.) Here, the benefits of the agreement actually made do not include any recourse by Landlord against Jeffrey's separate property, regardless of how such property came to be characterized that way and whether it was formerly community property. The implied covenant does not "impose substantive duties

---

[4] The actual claim for breach of the covenant of good faith and fair dealing in the operative complaint alleged, inter alia, that after entering into the Guarantee, Jeffrey voluntarily took steps (by virtue of the dissolution of marriage and resulting division of property) to have the community property assets which were subject to the Guarantee transformed into separate property for the purpose of defeating Landlord's claims under the Guarantee. On appeal, Landlord asserts that it "has never argued that [Jeffrey] could not file for dissolution or any other absurd position."

8

or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (*Id.* at p. 350.) "[W]here the parties have freely, fairly and voluntarily bargained for certain benefits in exchange for undertaking certain obligations, it would be inequitable to imply a different liability and to withdraw from one party benefits for which he has bargained and to which he is entitled." (*Wal-Noon Corp. v. Hill* (1975) 45 Cal.App.3d 605, 613.)

DISPOSITION

The judgment is affirmed. Jeffrey shall be awarded his costs on appeal.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

ARONSON, J.

9