ESTATE OF FRANCES T. INGRAHAM, DECEASED, GUARANTY TRUST COMPANY OF NEW YORK, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8914. Promulgated March 31, 1947.

*Edward J. O'Connor, Esq.,* for the petitioner.
*Clay C. Holmes, Esq.,* for the respondent.

702

## OPINION.

Johnson, *Judge*: The issue here involved is whether the petitioner, as executor, and the beneficiaries under the will of the decedent have complied with the provisions of section 134 (g) of the Revenue Act of 1942. If so, petitioner was correct in excluding from the income tax return of decedent the amounts of dividends and interest accrued during the period January 1 to June 26, 1942 (date of decedent's

*death*). If not, then respondent correctly determined that such sums should have been included in the net income of the decedent for such period.

Section 134 (g) is a relief section and was designed to minimize the effect of including in the final return of a decedent, filed for the period prior to death, income that would have been received over a period had the decedent remained alive. To be eligible for benefits thereunder its requirements must be complied with. We quote from section 134 (g) :

\* \* \* The provisions of this subsection shall not be applicable unless there are filed with the Commissioner (in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, and at the time prescribed by such regulations) signed consents made under oath by the fiduciary representing the estate and by each such person (or if any such person is no longer in existence or is under disability, by his legal representative) that with respect to such amounts the tax of the estate, or the tax of such person, as the case may be, shall be computed under the provisions of this subsection for each taxable period ending on or after the date of the death of the decedent and the tax of the decedent shall be computed under such provisions for the taxable period of the decedent in which falls the date of his death. \* \* \*

It thus appears that the specific requirements under the statute are (a) there must be filed with the Commissioner of Internal Revenue, not with the district collector; (b) signed consent under oath by executor representing the estate; (c) signed consent under oath by each beneficiary; (d) these must be filed in accordance with regulations prescribed by the Commissioner, and (e) these must be filed "at the time prescribed by such regulations."

Regulations as authorized and directed in section 134 (g) were issued by the Commissioner and approved by the Secretary, and are contained in Regulations 111, section 29.126–4. The provisions of the regulations which are deemed pertinent here and contain requirements in addition to those imposed by the statute are as follows:

(1) All of such consents with respect to any one decedent shall be filed at the same time with the Commissioner of Internal Revenue, Washington, D. C.

(2) The consents must be filed not later than one year after the time prescribed for filing the return for the last taxable year of the decedent (not including any extension of time for such filing) or January 1, 1944, whichever is later.

(3) The executor \* \* \* must submit, under oath, a statement accompanying the consents and containing \* \* \* [certain elaborate information detailed in the regulations]. [Sec. 29.126–4 (b).]

The evidence in this case discloses that the requirements of neither the statute nor the regulations were complied with by either the petitioner as executor or the residuary legatees under the will. Petitioner did not, within the prescribed time (nor at any time) file with the

Commissioner of Internal Revenue, at Washington, D. C., as the fiduciary representing the estate, a signed consent under oath, accompanied by a statement under oath containing information pertaining to the estate, as required. Petitioner's only attempt at compliance was an informal letter, not sworn to, dated September 22, 1943, addressed to the Collector of Internal Revenue, First District, Brooklyn, New York, and signed by "A. W. LeGassick, Assistant Trust Officer" of petitioner corporation. This letter did not contain the information required by the regulations. We can not agree with petitioner that the filing of the income tax return was sufficient to cover this omission, since the information necessary to be filed under oath under the regulations was far more comprehensive and embraced much additional information not contained in the income tax return.

The beneficiaries or residuary legatees under the will did not, within the prescribed time, file consent under oath with the Commissioner of Internal Revenue in Washington, D. C. There was no attempt on their part at compliance with the law or the regulations, but they did file, on October 5, 1945, more than a year after the time required, what petitioner designates in his brief as "verified statements." We do not deem this sufficient compliance on the part of the beneficiaries.

Both the petitioner, as executor, and the beneficiaries must comply with the law; this they have not done. We do not think there is any merit in petitioner's contention that, since the residuary legatees were tax exempt, they were therefore not required to comply with section 134 (g). Neither the law nor the regulations exempt tax-exempt corporations from compliance.

Such was the holding of this Court in two cases involving an application of section 44 (d), Internal Revenue Code, which exempts from tax the transmission of installment obligations by death if a bond is filed to secure the "return as income" of any installment payment received by the transferee "of the same proportion of such payment as would be returnable as income by the decedent if he had lived." In *Estate of Lucy Radulovich*, 37 B. T. A. 890, we held the exemption applicable, even though the recipient legatee was a tax-exempt charitable corporation, and in *Estate of Jacob F. Haubeil*, 41 B. T. A. 1244, we denied the exemption because the administrator had not filed the bond in the manner prescribed although he had tardily tendered "Treasury notes accompanied only by an affidavit." Again the legatee was a charitable, tax-exempt corporation. Although construing a different section of the code, these decisions are controlling.

*Decision will be entered under Rule 50.*