ESTATE OF ELLA K. McCLATCHY, ELEANOR McCLATCHY AND CHAR-
LOTTE MALONEY, EXECUTRICES, PETITIONERS, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

CHARLOTTE MALONEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

ELEANOR McCLATCHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 13214, 13215, 13216.   Promulgated March 18, 1949.

*John J. Hamlyn, Esq.*, for the petitioner.
*A. J. Hurley, Esq.*, for the respondent.

KERN, *Judge*: In these proceedings, consolidated for hearing and
opinion, the Commissioner determined deficiencies as follows:

| Petitioner | Docket No. | 1942 income tax | Income and victory tax for 1943 |
|---|---|---|---|
| Estate of Ella K. McClatchy | 13214 | $8,639.98 | $1,731.25 |
| Charlotte Maloney | 13215 | | 213.54 |
| Eleanor McClatchy | 13216 | | 2,904.43 |

The deficiencies determined against petitioners Charlotte Maloney
and Eleanor McClatchy involve the year 1942 by virtue of the pro-
visions of the Current Tax Payment Act of 1943.   The estate of Ella
K. McClatchy claims overpayment of the 1943 income and victory tax
in the amount of $1,912.12.

The first issue, raised on behalf of all petitioners, is whether de-
ductions may be taken in the year 1942 for payment of income taxes
to the State of California assessed against Charles K. and Ella K.
McClatchy, both deceased.

The second issue, raised on behalf of the estate of Ella K. Mc-
Clatchy, is whether the estate may deduct from gross income interest
on an inheritance tax deficiency assessed by the State of California.

An issue involving receipt of dividends by petitioners has been abandoned.

It is stipulated that in the determination of deficiency respondent did not give the estate of Ella K. McClatchy credit for the payment in February 1947 of additional income taxes, computed on items not here in issue, in the amount of $1,669.93 for the year 1942, and additional income and victory taxes in the amount of $1,064.50 for the year 1943, together with interest in the respective amounts of $362.05 and $166.92. Similarly, the respondent in his answer admits that petitioner Eleanor McClatchy received in January 1947 "a demand from the collector at San Francisco for 1943 tax due and payable in the amount of $2,546.52. This demand (plus interest of $399.31) was paid in February 1947." Respondent makes no reference to these matters in his brief. We understand that the issues raised by petitioners in connection therewith are conceded by respondent.

The facts were stipulated and the proceedings were submitted for decision under Rule 30. We find the facts to be as stipulated. We refer only to such facts as are necessary for our determination.

Petitioners Eleanor McClatchy and Charlotte Maloney are the beneficiaries of testamentary trusts Nos. 1 and 2, respectively, of three testamentary trusts created by Charles K. McClatchy, who died April 27, 1936. Each trust received one-third of his estate. These petitioners are also the executrices of the estate of Ella K. McClatchy, who died September 23, 1939. They represent the estate, which is the third petitioner herein. The returns in question were filed with the collector for the first district of California, at San Francisco.

The Franchise Tax Commissioner of the State of California, acting pursuant to section 34 of the California Personal Income Tax Act of 1935, assessed additional state income taxes against Charles K. McClatchy and Ella K. McClatchy after their deaths, as follows:

| Taxable period ended Dec. 31— | Date of assessment | Additional assessment | |
| --- | --- | --- | --- |
| | | Charles K. McClatchy | Ella K. McClatchy |
| 1935 | Jan. 23, 1939 | $1,791.64 | $1,797.05 |
| 1936 | Apr. 1, 1940 | 2,170.44 | 5,317.17 |
| Total | | 3,962.08 | 7,114.22 |

Payment of these taxes was protested and withheld pending the determination of the constitutionality of section 34 of the California Personal Income Tax Act of 1935.

On March 7, 1941, the Supreme Court of California determined that section 34 was constitutional. Payment on behalf of the two decedents was made on May 5, 1942, as follows:

| Decedent | Deficiency | Interest | Paid by— | Amount |
|---|---|---|---|---|
| Charles K. McClatchy | $3,932.08 | $1,309.33 | Trust #1 | $1,747.14 |
| | | | Trust #2 | 1,747.14 |
| | | | Trust #3 | 1,747.14 |
| | | | Total | 5,241.42 |
| Ella K. McClatchy | 7,110.22 | 2,264.59 | Estate | 9,374.81 |

No claim for the deduction of the taxes assessed against Charles K. McClatchy and paid by the three testamentary trusts was made in that decedent's final Federal income tax returns, filed March 15, 1937, or in that decedent's Federal estate tax return, which was filed July 24, 1937, and finally settled May 14, 1940. Deductions on account of the payment of these taxes plus interest were taken in 1942 by the parties paying them in that year.

The Commissioner increased the income distributable to petitioners Eleanor McClatchy and Charlotte Maloney from the Charles K. McClatchy trusts Nos. 1 and 2, respectively, in the amount of $1,747.14, each for the year 1942.

No consents or waivers were filed pursuant to section 134 of the 1942 Revenue Act, or section 126 of the Internal Revenue Code, and the appropriate regulations.

The Commissioner allowed the estate of Ella K. McClatchy a deduction for 1942 Federal income tax purposes of $1,113.92 representing interest on the state income tax deficiency accrued after the death of Ella K. McClatchy. The deduction of the $7,110.22 state income tax and $1,150.67 of the total interest thereon was disallowed.

Section 34 of the California Personal Income Tax Act of 1935 was repealed in 1937.

In December 1942 the state tax commissioner assessed additional deficiencies in income tax against Ella K. McClatchy as follows:

| Taxable year | Tax | Interest | Total |
|---|---|---|---|
| 1938 | $271.42 | $63.85 | $335.27 |
| 1939 | 543.40 | 101.03 | 644.43 |
| Total | 814.82 | 164.88 | 979.70 |

These amounts were paid by the estate and claimed as a deduction in 1943. The Commissioner disallowed the deduction of the state income tax in the total amount of $814.82 and $7.22 of the interest that had accrued before the death of Ella K. McClatchy.

Ella K. McClatchy's final Federal income tax return covering the year 1939 up to the time of her death was filed March 15, 1940. On October 9, 1945, the estate filed a claim for refund of income tax allegedly overpaid in the amount of $5,788.28 for the year 1939. The

refund was denied January 6, 1947. Her Federal estate tax return was filed December 20, 1940, and a closing agreement was effected June 11, 1942. The deductions in question were not taken in either the final income tax return or the estate tax return. No waivers or consents were filed pursuant to section 134 of the Revenue Act of 1942 or section 126 of the Internal Revenue Code and the applicable regulations.

In December 1943 additional California inheritance tax of $5,304.41, plus interest of $2,223.41, was assessed and paid in 1943 in connection with the estate of Ella K. McClatchy. The beneficiaries of the Charles K. McClatchy trusts were also the beneficiaries of three trusts created by the last will of Ella K. McClatchy. The tax and interest were paid by the McClatchy newspapers and charged against the three testamentary trusts of Charles K. McClatchy. The three trusts claimed a deduction of the interest in their returns for 1943 which was disallowed by the Commissioner.

On June 1, 1944, the petitioner estate contended that the payments were improperly made by the trusts, and accordingly the McClatchy newspapers corrected these charges on their books and showed them made against petitioner estate. The estate now claims the deduction for 1943 of the interest on the inheritance taxes. No other claim for the interest deduction has been allowed.

The returns in question were filed on the cash receipts and disbursements basis.

Both parties are in apparent agreement that the deductions claimed for the year 1942 on account of the payments of state income taxes assessed against the decedents, Charles K. and Ella K. McClatchy, together with interest accrued prior to their deaths, must be supported by the provisions of sections 23 (w) and 126, added to the Internal Revenue Code by section 134 of the Revenue Act of 1942,[1] since both

---

[1] SEC. 134. INCOME IN RESPECT OF DECEDENTS.

(a) GENERAL RULE.—The last sentence of section 42 (a) (relating to inclusion in gross income of amounts accrued up to death of taxpayer) is amended to read as follows: "In the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting, amounts (except amounts includible in computing a partner's net income under section 182) accrued only by reason of the death of the taxpayer shall not be included in computing net income for the period in which falls the date of the taxpayer's death."

(b) DEDUCTIONS AND CREDITS.—The last sentence of section 43 (relating to deductions and credits accrued up to death of taxpayer) is amended to read as follows: "In the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting, amounts (except amounts includible in computing a partner's net income under section 182) accrued as deductions and credits only by reason of the death of the taxpayer shall not be allowed in computing net income for the period in which falls the date of the taxpayer's death."

(c) CROSS REFERENCE.—Section 22 (relating to definition of gross income) is amended by inserting at the end thereof the following:

"(1) INCOME OF DECEDENTS.—For inclusion in gross income of certain amounts which constituted gross income in respect of a decedent, see section 126."

(d) DEDUCTIONS OF ESTATE.—Section 23 (relating to deductions) is amended by inserting at the end thereof the following:

taxes and interest were assessed against the decedents and not against the entities which made the payments on account thereof. See *Herbert G. Perry et al., Executors*, 32 B. T. A. 513; *Estate of Jacob S. Hoffman*, 36 B. T. A. 972; *Helvering* v. *Enright*, 312 U. S. 636; *Micajah Pratt Clough, Jr.*, 45 B. T. A. 97; *Courtnay Burton*, 37 B. T. A. 636.

Respondent contends that, by reason of the plain and unambiguous language of section 134 (g), none of the statutory provisions relied on by petitioners are applicable to tax years beginning prior to December

"(w) Deductions of Estate, Etc., on Account of Decedent's Deductions.—

"(1) In the case of a person described in section 126 (b), the amount of the deductions in respect of a decedent to the extent allowed by such subsection.

"(2) In the case of a person described in section 126 (a), the amount of the deductions in respect of a decedent to the extent allowed by section 126 (c)."

(e) The Internal Revenue Code is amended by inserting after section 125 the following new section:

"SEC. 126. INCOME IN RESPECT OF DECEDENTS.

\* \* \* \* \* \* \*

"(b) Allowance of Deductions and Credit.—The amount of any deduction specified in section 23 (a), (b), (c), or (n) (relating to deductions for expenses, interest, taxes, and depletion) or credit specified in section 31 (foreign tax credit), in respect of a decedent which is not properly allowable to the decedent in respect of the taxable period in which falls the date of his death, or a prior period, shall be allowed:

"(1) Expenses, interest and taxes.—In the case of a deduction specified in section 23 (a), (b), or (c) and a credit specified in section 31, in the taxable year when paid,—

"(A) to the estate of the decedent; except that

"(B) if the estate of the decedent is not liable to discharge the obligation to which the deduction or credit relates, to the person who, by reason of the death of the decedent or by bequest, devise, or inheritance acquires, subject to such obligation, from the decedent an interest in property of the decedent."

\* \* \* \* \* \* \*

(f) Effective Date of Amendments.—The amendments made by subsections (a) and (b) of this section shall be applicable with respect to taxable years beginning after December 31, 1942, and the amendments made by subsections (c), (d), and (e) of this section shall be applicable with respect to taxable years ending after December 31, 1942.

(g) Taxable Years Before 1943.—In case the taxable period in which falls the date of the death of the decedent began after December 31, 1933, and before January 1, 1943, the tax for such taxable period shall be computed as if provisions corresponding to the provisions of section 42 (a) and 43 of the Internal Revenue Code, as amended by subsections (a) and (b) of this section, were a part of the Revenue Act of 1934, the Revenue Act of 1936, the Revenue Act of 1938, or the Internal Revenue Code, whichever is applicable to such taxable period. In the case of the estate of such a decedent and of each person who acquires by reason of the death of such decedent or by bequest, devise, or inheritance from such decedent the right to receive the amount of items of gross income of the decedent which upon the application of the preceding sentence are not properly includible in respect of the taxable period in which falls the date of the decedent's death or a prior period, the tax for each taxable period ending on or after the date on which the decedent died shall be computed by including in gross income the amounts with respect to such decedent which would be includible, and by allowing as deductions and credits the amounts with respect to such decedent which would be allowable, if provisions corresponding to the provisions of the section inserted in the Internal Revenue Code by subsection (e) of this section were a part of the law applicable to such taxable period. The provisions of this subsection shall not be applicable unless there are filed with the Commissioner (in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, and at the time prescribed by such regulations) signed consents made under oath by the fiduciary representing the estate and by each such person (or if any such person is no longer in existence or is under disability, by his legal representative) that with respect to such amounts the tax of the estate, or the tax of such person, as the case may be, shall be computed under the provisions of this subsection for each taxable period ending on or after the death of the decedent and the tax of the decedent shall be computed under such provisions for the taxable period of the decedent in which falls the date of his death. \* \* \*

31, 1942, because no consents required as a prerequiste to such a retroactive application were filed by any of the entities involved in this proceeding. We agree with this contention.

Petitioners argue that the claimed deductions could not have been taken in the final income tax returns of the several decedents, since at that time there was no basis for an accrual of the items in question under the rule later stated by the Supreme Court in *Dixie Pine Products Co.* v. *Commissioner*, 320 U. S. 516; that, therefore, there was no election as to their deduction; that, consequently, no such consents as those mentioned in section 134 (g) were necessary; and that, therefore, none should be required.

The short answer to this contention is that consents *are* required by the clear and unambiguous language of the statute. As the Supreme Court said in *Deputy* v. *DuPont*, 308 U. S. 488: "* * * we can not sacrifice the 'plain, obvious and rational meaning' of the statute even for 'the exigency of a hard case.'" See also *Taft* v. *Commissioner*, 304 U. S. 351. Nothing in the legislative history or purpose of the statute in question casts doubt upon its meaning. Even if we were permitted to enlarge its meaning by construction (an untenable postulate, see *Journal Publishing Co.*, 3 T. C. 518, 522), we are of the opinion that the general character of the statute requires a narrow, rather than a broad, construction. See *Estate of Frances T. Ingraham*, 8 T. C. 701; *Larkin* v. *Commissioner*, 167 Fed. (2d) 115.

The next issue concerns the deductibility by an estate of interest accrued and paid upon deficiencies in state inheritance taxes. These taxes are not obligations of the estate. See secs. 2, 3, and 9, Act 8495 of the General Laws of California; *In re Belville's Estate*, (Cal. App. 1944), 152 Pac. (2d) 229; *Cohn* v. *Cohn*, 20 Cal. (2d) 65; 123 Pac. (2d) 833; *Estate of Kennedy*, 157 Cal. 517, 108 Pac. 280. See also *Louise G. Hill*, 37 B. T. A. 782. Therefore, the payment of interest by the estate on the inheritance tax deficiencies does not give rise to a deduction by the estate, even though we assume that the interest was paid by the estate in 1943, a matter concerning which we have considerable doubt.

*Decision will be entered under Rule 50.*