Filed 8/14/25  Carrillo v. Southwind Foods CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROBERTO CARRILLO,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>SOUTHWIND FOODS, LLC, et al.,<br><br>　　Defendants and Appellants. | B334871<br><br>(Los Angeles County<br>Super. Ct. No. 23CMCV00878) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Fumiko Hachiya Wasserman, Judge. Affirmed.

　　　　Torus LLP, Naddir David Alami, Daniel J. Hyun and Shaheen A. Etemadi for Plaintiff and Respondent.

　　　　Rutan & Tucker, Brandon L. Sylvia and Jonas Trevethan for Defendants and Appellants PriorityWorkforce, Inc. and Workforce Outsourcing, Inc.

　　　　Snell & Wilmer, Brian J. Mills, Ann E. Dwyer and Jing Hua for Defendant and Appellant Southwind Foods, LLC.

# INTRODUCTION

PriorityWorkforce, Inc. (PriorityWorkforce), Workforce Outsourcing, Inc. (Workforce Outsourcing), and Southwind Foods, LLC (Southwind Foods) (collectively, appellants) appeal from an order denying their motion to compel arbitration of Roberto Carrillo's wage-and-hour claims under the Private Attorneys General Act of 2004 (PAGA; Labor Code, § 2698 et seq.).[1] We conclude the parties' arbitration agreement expressly and unambiguously excludes PAGA claims, and we affirm.

# PROCEDURAL BACKGROUND

PriorityWorkforce and Workforce Outsourcing are related employment agencies that provide temporary staffing to their clients. Southwind Foods was PriorityWorkforce's client during the relevant time period. Carrillo applied for employment with PriorityWorkforce in August 2022 and was assigned to work at Southwind Foods in March 2023. Carrillo electronically signed an arbitration agreement as well as other onboarding documents on August 5, 2022.

In the arbitration agreement, Carrillo consented to "binding arbitration to resolve all disputes that may arise out of the employment context including any disputes surrounding my seeking employment with, employment by, or other association with either the Company [PriorityWorkforce and related

---

[1] Southwind Foods separately appealed from the court's order and joins in the appellate briefs of PriorityWorkforce and Workforce Outsourcing.

companies] or my Worksite Employer [Southwind Foods]." The arbitration agreement contained the following carve-out provision:

> **Included within the scope of this Agreement are all disputes**, whether based on tort, contract, statute (including, but not limited to, any claims of discrimination and harassment, whether they be based on the California Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation), equitable law, or otherwise, **with the exception of** claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under the California Workers' Compensation Act, claims for unemployment insurance benefits which are brought before the Employment Development Department, **claims brought under The Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, et seq.)**, claims for public injunctive relief, or as otherwise required by state law that is not preempted by either the Federal Arbitration Act or other federal law.  (Bold added.)

The arbitration agreement also included a waiver of class and representative actions:  "all claims covered by this agreement that I [Carrillo] may have against the Company or my Worksite Employer must be brought in my individual capacity and not as a plaintiff or class member in any purported class action, collective action or representative action proceeding."  The agreement also

contained a severability clause providing that if "any term or provision, or portion of this Agreement is declared void or unenforceable it shall be severed, and the remainder of this Agreement shall be enforceable."

On June 12, 2023, Carrillo filed a complaint against appellants and related companies Southwind DG, LLC and Great American International Seafood Market LLC alleging a single cause of action for violation of PAGA.[2] Carrillo brought the PAGA action on behalf of himself (individual claim) and current and former employees of appellants (nonindividual claim). Carrillo alleged appellants violated state wage and labor laws.[3]

Appellants moved to compel arbitration of Carrillo's individual PAGA claim and requested a stay of the nonindividual portion. Appellants argued the agreement to arbitrate all disputes arising from Carrillo's employment coupled with the waiver of representative actions and the severance provision meant that arbitration on Carrillo's individual PAGA claim was

---

[2]     Only appellants answered the complaint.

[3]     Carrillo alleged appellants violated "numerous" Labor Code sections, including sections 201 to 204, 206, 210, 510, 558, 1194, 1197, 1197.1, and 1198 for failure to timely and unconditionally pay all earned wages; sections 226.7 and 512 for failure to pay meal and rest breaks and premium wages for missed meal and rest breaks; sections 226 and 226.3 for failure to provide accurate itemized wage statements; section 227.3 for failure to provide accrued vacation wages or pay vested vacation wages; sections 221 and 223 for paying less than the statutory or contractual rate; sections 1174 and 1174.5 for failure to maintain accurate employment records; and sections 2800 and 2802 for failure to reimburse business expenses.

4

mandated under *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*).

The trial court denied appellants' motion, and it determined "the language of the arbitration agreement excluding PAGA claims from binding arbitration is unambiguous." The court explained, "An interpretation that the parties only intended to exclude the nonarbitrable PAGA claims from arbitration would require the Court to rewrite the plain language of the agreement. If Defendant had intended to exclude from arbitration only the nonarbitrable PAGA claims, the agreement should have been drafted to reflect such intent."

Appellants timely appealed.

## DISCUSSION

A.     *Governing Law on Arbitration Agreements*

Both federal and California law favor arbitration. (See *Morgan v. Sundance, Inc.* (2022) 596 U.S. 411, 417-418; *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125 [acknowledging "'strong public policy'" favoring arbitration under state law].) "Given that strong public policy, any doubt as to whether plaintiff's claims come within the arbitration clause must be resolved in favor of arbitration." (*EFund Capital Partners v. Pless* (2007) 150 Cal.App.4th 1311, 1320-1321 (*EFund*).)

"The policy favoring arbitration, however, does not apply when unambiguous language shows the parties did not agree to arbitrate all or a part of the dispute." (*Duran v. EmployBridge Holding Co.* (2023) 92 Cal.App.5th 59, 66 (*Duran*); accord, *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236 (*Pinnacle*) [notwithstanding

5

the policy favoring arbitration, because arbitration is a matter of consent, "'"a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"'"'].) Accordingly, Code of Civil Procedure section 1281.2 requires the trial court to order arbitration of a controversy "[o]n petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy . . . if it determines that an agreement to arbitrate the controversy exists." (Code Civ. Proc., § 1281.2.) "Whether the parties agreed to arbitrate all or a portion of 'the present controversy turns on the language of the arbitration clause.'" (*Duran*, at p. 65; see *EFund, supra,* 150 Cal.App.4th at p. 1320.)

"'[I]n ruling on a motion to compel arbitration, the court must first determine whether the parties actually agreed to arbitrate the dispute. [Citations.] General principles of California contract law guide the court in making this determination.'" (*Ford Motor Warranty Cases* (2025) 17 Cal.5th 1122, 1128.) "'"'The fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the "mutual intention" of the parties. "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. [Citation.] Such intent is to be inferred, if possible, solely from the written provisions of the contract. [Citation.] The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation. [Citation.]" [Citations.] A [contract] provision will be considered

6

ambiguous when it is capable of two or more constructions, both of which are reasonable. [Citation.] But language in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract.”’”’ (*EFund, supra*, 150 Cal.App.4th at p. 1321, quoting *TRB Investments, Inc. v. Fireman's Fund Ins. Co*. (2006) 40 Cal.4th 19, 27.)

B.  *PAGA*

PAGA authorizes “‘an “aggrieved employee” [to] bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. (Lab. Code, § 2699, subd. (a).)’” (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 380 (*Iskanian*), overruled in part by *Viking River, supra*, 596 U.S. 639.) Under the statute, 75 percent of the civil penalties are distributed to the Labor and Workforce Development Agency, with the remaining 25 percent to the “aggrieved employees.” (*Iskanian,* at p. 380; see Lab. Code, § 2699, subd. (i).)

In *Iskanian*, the California Supreme Court examined an arbitration agreement that, like the arbitration agreement here, contained a waiver of all representative actions, including PAGA claims. (See *Iskanian, supra*, 59 Cal.4th at p. 377.) *Iskanian* held “an employee's right to bring a PAGA action is unwaivable” and that such a rule was not preempted by the Federal Arbitration Act (FAA) to the extent the rule barred “predispute waiver[s] of an employee's right to bring an action that can only be brought by the state or its representatives.” (*Id*. at pp. 383, 388.) The high court reasoned, “the rule against PAGA waivers does not frustrate the FAA's objectives because . . . the FAA aims

7

to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state [Labor and Workforce Development] Agency." (*Id.* at p. 384.) Under *Iskanian*, employers could not "require employees to 'split' PAGA actions in a manner that puts individual and non-individual components of a PAGA claim into bifurcated proceedings" with each being litigated in a different forum. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1118 [citing cases].)

In *Viking River*, the United States Supreme Court held the FAA preempted *Iskanian*'s prohibition against claim splitting under PAGA. (See *Viking River, supra*, 596 U.S. at p. 648.) *Viking River* concluded, "the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." (*Id.* at p. 662.) *Viking River* reasoned that portion of *Iskanian* improperly "circumscribes the freedom of parties to determine 'the issues subject to arbitration' and 'the rules by which they will arbitrate'" by imposing on them an all-or-nothing choice: arbitrate both individual and nonindividual claims or forego arbitration entirely. (*Id.* at p. 659.)

*Viking River* left intact *Iskanian*'s other holdings. In particular, *Viking River* held the FAA did not preempt *Iskanian* to the extent it held that a predispute categorical waiver of the right to bring a PAGA action was unenforceable as against California public policy. (See *Viking River, supra*, 596 U.S. at p. 653.) *Viking River* also did not disturb that part of *Iskanian* that held unenforceable an agreement that, while providing for arbitration of individual claims, compelled waiver of nonindividual claims. (See *id.* at p. 663.) *Viking River* thus

permitted an employer to compel arbitration of an employee's individual PAGA claims, even though the arbitration agreement was invalid under *Iskanian* as to waiver of the nonindividual claims. (*Id.* at p. 662.)

C.      *Standard of Review*

""""Whether an arbitration agreement applies to a controversy is a question of law to which the appellate court applies its independent judgment where no conflicting extrinsic evidence in aid of interpretation was introduced in the trial court.""" (*Ahern v. Asset Management Consultants, Inc.* (2022) 74 Cal.App.5th 675, 687 (*Ahern*); see *Pinnacle, supra*, 55 Cal.4th at p. 236 ["Where, as here, the evidence is not in conflict, we review the trial court's denial of arbitration de novo."].) The parties agree our review is de novo.

D.      *The Arbitration Agreement Unambiguously Excludes All Categories of PAGA Claims*

The threshold questions in this appeal "are whether an agreement to arbitrate exists [citations] and, if so, whether the parties' dispute falls within the scope of that agreement." (*Ahern, supra,* 74 Cal.App.5th at p. 687.) We agree an agreement to arbitrate exists, but we conclude the parties' dispute does not fall within the scope of that agreement. The arbitration agreement signed by Carrillo unambiguously carves out "claims brought under The Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, et seq.)" from its scope. Carrillo's sole cause of action is brought under PAGA. Civil Code section 1638 provides that the "language of a contract is to govern its interpretation, if the language is clear and explicit." We "enforce

9

an unambiguous agreement as written rather than rewriting it to contain limitations the parties did not express." (*Duran, supra,* 92 Cal.App.5th at p. 66.)  We thus conclude Carrillo's PAGA claim, whether individual or nonindividual, does not fall within the scope of the arbitration agreement.

*Duran, supra,* 92 Cal.App.5th at page 59 is directly on point.  The arbitration agreement in *Duran* contained a similar carve-out provision stating that "'[c]laims for unemployment compensation, claims under the National Labor Relations Act, claims under PAGA, claims for workers' compensation benefits, and any claim that is non-arbitrable under applicable state or federal law are not arbitrable under this Agreement.'" (*Duran, supra,* 92 Cal.App.5th at p. 66.)  *Duran* held this carve-out provision contained no qualifying language and could not reasonably be interpreted to mean the parties agreed to arbitrate individual claims.  (See *id.* at p. 67; see also *Mondragon v. Sunrun Inc.* (2024) 101 Cal.App.5th 592, 599 (*Mondragon*) [plaintiff not required to arbitrate his individual PAGA claim where arbitration agreement excluded "'claims brought by Employee in state or federal court as a representative of the state of California as a private attorney general under the PAGA (to the extent applicable)'"].)

Appellants urge us to look beyond the plain text of the PAGA carve-out.  Appellants argue the PAGA carve-out, when read in the context of the contract as a whole, requires we interpret it to mean the carve-out "exempt[s] only *representative,* non-arbitrable PAGA claims from arbitration."  Specifically, appellants argue the following context supports their argument.

First, the arbitration provision includes language covering "all disputes that may arise out of the employment context."

10

Next, other types of claims listed in the carve-out provision (i.e., those brought under the National Labor Relations Act, workers' compensation, unemployment insurance benefits, and public injunctive relief) are all claims that may not be arbitrated as a matter of law.  Appellants thus contend the carve-out provision's reference to "claims brought under [PAGA]" must refer only to the type of PAGA claim that may not be arbitrated as a matter of law.  And, appellants further contend, because *Viking River, supra,* 596 U.S. at p. 662 held that individual PAGA claims may be subject to arbitration, individual PAGA claims are necessarily omitted from the arbitration provision's carve-out.

Third, the qualifying clause at the end of the carve-out provision ("or as otherwise required by state law that is not preempted by either the Federal Arbitration Act or other federal law") supports the interpretation that only claims that are not arbitrable as a matter of law are included in the carve-out.

Finally, the arbitration agreement includes a separate provision stating, "there is no right or authority for any dispute covered by this Agreement to be heard or arbitrated on a collective action basis, class action basis, as a private attorney general, or on bases involving claims or disputes brought in a representative capacity."  According to appellants, this provision also supports an interpretation that the arbitration agreement applies differently to individual and nonindividual representative PAGA actions.

In light of the clear and unambiguous carve-out provision in the arbitration agreement before us, appellants' arguments are not persuasive.  We are required to interpret the parties' intent "solely from the written provisions of the contract" if they are

11

"'clear and explicit.'" (*EFund, supra,* 150 Cal.App.4th at p. 1321.) "'When a dispute arises over the meaning of contract language, the first question to be decided is whether the language is "reasonably susceptible" to the interpretation urged by the party. If it is not, the case is over." (*Horath v. Hess* (2014) 225 Cal.App.4th 456, 464; accord, *Mondragon, supra,* 101 Cal.App.5th at p. 612.) "'Whether the contract is reasonably susceptible to a party's interpretation can be determined from the language of the contract itself [citation] or from extrinsic evidence of the parties' intent.'" (*Horath*, at p. 464.) Because appellants presented no extrinsic evidence supporting their interpretation, we need only consider the language of the arbitration agreement. We conclude the language in the PAGA carve-out is not reasonably susceptible to an interpretation that one category of PAGA claim (nonindividual) and not another (individual) is to be excluded from arbitration.

*Duran* is instructive and rejected similar arguments where the employer argued that other contractual provisions purportedly overrode the unambiguous text of the carve-out provision. It explained that adopting the employers' preferred reading of the carve-out provision would essentially mean "the modifier 'nonarbitrable' would be inserted before 'claims under PAGA,'" ignoring Code of Civil Procedure section 1858's prohibition against "insert[ing] what has been omitted" in an instrument or contract. (*Duran, supra,* 92 Cal.App.5th at p. 67.) As in *Duran,* we decline to rewrite the parties' arbitration agreement. If the parties had intended the carve-out provision to include only nonarbitrable, nonindividual PAGA claims, the

12

arbitration agreement should have been drafted to express that intent.[4]

Appellants contend *Duran* is distinguishable because the carve-out provision in that case (excluding "claims under PAGA . . . and any claim that is non-arbitrable under applicable state or federal law") purportedly "***adds*** to the list of excluded claims." By contrast, the carve-out provision in this case (excluding "claims brought under [PAGA] . . . or as otherwise required by state law that is not preempted by either the [FAA] or other federal law") purportedly "***clarifies*** that the PAGA Carve-Out only exempts claims . . . that are inarbitrable under state law and not displaced by the FAA." This is a distinction without a difference and we are persuaded by *Duran* that the exclusion of PAGA claims from arbitration in this agreement is unambiguous and not susceptible to the interpretation advanced by appellants.

Additionally, the general language in the arbitration provision covering "all disputes that may arise out of the employment context" and the general qualifying language at the end of the carve-out provision do not abrogate the more specific language contained in the PAGA carve-out. Appellants' interpretation does not account for the rule that "[w]here general and specific provisions [of a contract] are inconsistent, the specific provision controls." (*Iqbal v. Ziadeh* (2017) 10 Cal.App.5th 1, 12;

---

[4] Appellants acknowledge *Viking River* was decided on June 15, 2022, weeks before Carrillo signed the arbitration agreement at the beginning of August 2022. If appellants intended to take *Viking River* into account in the arbitration agreement, they could have drafted the agreement to do so before Carrillo signed it, but they did not.

accord, *Scudder v. Perce* (1911) 159 Cal. 429, 433; see also Code Civ. Proc., § 1859 ["[W]hen a general and [a] particular provision are inconsistent, the latter is paramount to the former.  So a particular intent will control a general one that is inconsistent with it."].)

E.    *The Arbitration Agreement Does Not Compel Carrillo To Arbitrate Whether He Is Aggrieved Under PAGA*

Appellants also argue that even if Carrillo's individual PAGA claim is outside the scope of the arbitration agreement, he should nevertheless be compelled to arbitrate whether he is an "aggrieved employee" under PAGA.  This argument lacks merit.  As stated, the arbitration agreement and carve-out provision unambiguously exclude claims brought under PAGA, and Carrillo did not agree to arbitrate this issue.  (See *Duran*, *supra*, 92 Cal.App.5th at p. 66.)  The carve-out language excludes from arbitration the factual determination whether Carrillo has standing as an aggrieved employee under PAGA.

## DISPOSITION

The order denying the motion to compel arbitration is affirmed.  Carrillo is entitled to his costs on appeal.


                                              MARTINEZ, P. J.

We concur:


    FEUER, J.                            STONE, J.


14